BENJAMIN R. THOMAS, Appellant, vs. ISAAC L. HILL, Adminis-
trator of BENJAMIN THOMAS, Deceased, Appellee — Appeal
from Austin County.

[27 Tex. 659.]

Where the plaintiff sued to recover money alleged to have been expended by
him in payment of debts of an estate of which he was then the administra-
tor, and the defendant (the administrator *de bonis non)* pleaded in recon-
vention, claiming of the plaintiff the hire of certain negroes and proceeds
arising from the sale of property belonging to the estate, which he alleged
the plaintiff had converted to his own use: *Held,* that the matters thus
pleaded by defendant did not come within the description of such as are
prohibited from being pleaded in set-off by the 4th section of the act of 1840,
"allowing discounts and set-offs." [5 Tex. 501; 6 Tex. 406; 7 Tex. 55;.
11 Tex. 28.]

The object of the law in allowing set-offs is to avoid a multiplicity of actions.
Where, therefore, the respective demands of the parties are of such a nature
as to admit of their being all settled in one action, the law intends that this
shall be done.

The right of the plaintiff, in general, to take a nonsuit, is unquestionable; but
an application to this effect comes too late after the defendant has pleaded
in reconvention.

The appellant brought suit in the district court to the fall
term, 1843, alleging that he administered on the estate of Benj.
Thomas, deceased, and that, while acting as administrator, he
paid debts of the estate to the amount of eleven hundred and
forty-eight dollars; that he afterwards resigned the adminis-
tration, and, that after his resignation, he presented his claim
to the administrator *de bonis non,* who refused to allow it.

At the first term the defendant answered by a general denial,
and a plea in reconvention, in which he claimed to recover of
the plaintiff sixteen hundred dollars for the hire of negroes be-
longing to the estate of the decedent, and two hundred dollars,
the proceeds of the sale of property of the estate, alleged to
have been withheld and appropriated by the plaintiff to his
own use. The defendant subsequently amended, claiming of
the plaintiff the proceeds of several notes belonging to the
estate, and alleged to have been received by the plaintiff while
administrator. The plaintiff replied to the plea in reconven-
tion, that the matters so pleaded were not cognizable in the
district court, but only in the probate court. He also excepted
to the plea upon the ground that the matters therein contained

were not the proper subject of set-off and reconvention under the statute.

The exceptions were overruled, and he then asked leave to take a nonsuit, which the court refused. At the trial at the fall term, 1848, the plaintiff asked the court to instruct the jury, "that in an action founded on a certain demand, the defendant cannot, under the plea in reconvention, give evidence of any unliquidated demand." This instruction the court refused. There was a verdict for the defendant for seven hundred and forty-three dollars and thirty seven cents, upon which the court gave judgment and the plaintiff appealed. The appellee became administrator *de bonis non* of the estate after the commencement of the suit.

RIPERS for appellant.

MUNGER and HARRIS for appellee.

Mr. Justice WHEELER, after stating the facts, delivered the opinion of the court.

For the appellant it is insisted:

1. That the district court had not jurisdiction of the case.

2. That the court erred in overruling the plaintiff's exceptions to the defendant's plea in reconvention; and in refusing the instruction asked by the plaintiff.

1. The jurisdiction of the district court was invoked in this case by both parties previous to the adoption of the state constitution. By the constitution of the republic, art. 4, sec. 3, it is provided that the district court shall have "original jurisdiction in all civil cases where the matter in controversy amounts to one hundred dollars." The act of 1836 [1 Stat. 200, sec. 4] provides that the district court "shall have original jurisdiction of all suits, of whatever nature or description, when the matter in controversy shall be one hundred dollars or upwards, and which are not expressly cognizable in any other court established by law."

It is not to be supposed that the legislature intended, by any thing in this provision, to create a restriction or limitation upon the jurisdiction conferred by the constitution upon the district court. But if they did intend such a consequence, it

is quite certain that the act is in so far ineffectual, and must yield to the superior force of the paramount law. [See Morton vs. Gordon, et al. Dallam, 396.]

It is clear that the matters in controversy in the present case were within the jurisdiction of the district court, as defined and prescribed by the constitution.

2. The objection to the ruling of the court respecting the matters pleaded in set-off and reconvention, and in refusing the instruction asked by the plaintiff, seems to have proceeded upon the supposition that the matters embraced in the plea came within the statutory description of "a claim for unliquidated or uncertain *damages*, founded on a tort or breach of covenant." [4 Stat. 63.] Such, however, manifestly was not the nature of the demand pleaded by the defendant in reconvention. The rights asserted by the plea were rights arising *ex contractu*. They arose upon the implied contract that the plaintiff should refund the money of the estate received by him, and pay for the hire of the negroes what it was reasonably worth. The demand was ascertained and rendered certain by the evidence, and did not come within the description of that which it is not permitted the defendant to set-off, where the suit is founded on a certain demand. [4 Stat. 63, sec. 5.] That the amount of the demand required to be ascertained by evidence was no objection to its admissibility as a set-off under the statute.

The object of the law is to avoid a multiplicity of suits. Where, therefore, the respective demands of the parties are of such a nature as to admit of their being all settled in one action, it is the intention of the law that this shall be done, and that parties be not permitted to resort to separate actions to settle disputes which may conveniently be determined in a single controversy. The law, it is said, abhors a multiplicity of suits; and it appears to have been the policy of our remedial system, effectually to guard against such a consequence.

The objection to the ruling of the court, refusing permission to the plaintiff to take a nonsuit after the defendant had pleaded in reconvention, seems very properly to have been abandoned.

The right of the plaintiff in general to take a nonsuit, where his application does not come too late, is unquestionable; but this, like every other right, must be exercised without prejudice to the opposite party.

We are of opinion that there is no error in the judgment, and that it be affirmed.