Ripley v. Withee.

---

## Ambrose Ripley v. John W. Withee.

The case of Hallowell v. Munson, (26 T. R., 475,) cited and approved.

The transfer of a certificate for land, purporting to be issued by the Republic of Texas to a discharged soldier, implies a warranty of title, and its genuineness as a valid claim for land against the State, and entitles an assignee for a good and valuable consideration to an action on a breach of such warranty.

In such a case, the statute of limitation does not commence to run against the purchaser until, by the use of ordinary and reasonable diligence, he could have ascertained that there was such a breach.

See this case, for the circumstances under which it was held, that the assignee of a forged certificate could not, by the use of ordinary diligence, have ascertained the fact that the certificate was forged, until it was so declared by the proper officer, whose duty it was to pass upon it; and that the statute of limitations, as against the assignee, did not commence running until it was rejected by the commissioner of claims, on the ground that it was forged.

Quære? In view of the objects and purposes such certificates are issued to subserve, whether they do not partake sufficiently of the nature of realty for the covenant of warranty to run with them, until they fail to serve the purpose of a genuine certificate, or the party can no longer acquire or hold title under it.

## Ripley v. Withee.

APPEAL from Titus. Tried below before the Hon. William S. Todd.

This was a suit by the appellee, John W. Withee, against appellant, Ambrose Ripley, for damages which he alleged to have sustained by reason of an assignment of a forged bounty warrant. Appellee pleaded the limitation of two years. The petition was filed the 18th day of September, 1857.

The following evidence was introduced—the certificate as follows, to wit:

"Republic of Texas, No. 177, L. 320. Know all men to whom these presents come, That P. W. Boggus, having served faithfully and honorably for the term of three months from the first day of June until the first day of September, 1836, and being honorably discharged from the army of Texas, is entitled to three hundred and twenty acres of land, for which this is his certificate; and the said P. W. Boggus is entitled to hold said land, or to sell, alienate, convey and donate the same, and all rights of ownership over it. This certificate will be transferable by deed before any competent authority, with witnesses to the same.

"In testimony whereof, I have hereunto set my hand at Columbia, 18th of December, 1836.

"GEO. W. POE,
"Acting Paymaster-General."

Upon which were the following transfers to wit:

"I assign to D. Burton the within discharge for value received of him. This 29th of August, 1837.

"P. W. BOGGUS.

"Test—James F. Box,
"Joseph Guest."

"I assign all my right, title and interest to the within discharge to A. Ripley, on condition that he have no recourse on me. This 24th day of March, A. D., 1849.

"DAVID BURTON.

"Test—Joel Bosten,
"L. H. Brandon."

"I transfer the within land claim to John W. Withee and his assigns, for a valuable consideration, for value received of him. This May 28th, A. D. 1849.                                      his
      "Attest,                              "AMBROSE x RIPLEY,
          "M. C. Martin.                              mark.
          "D. M. Cook."

On the 28th day of May, 1849, James F. Box, subscribing witness to the assignment to D. Burton, swore before a notary public, that P. W. Boggus signed the same on the 29th of August, 1837, for the considerations and purposes therein set forth. On the 28th day of May, 1849, Ambrose Ripley acknowledged, before a notary public, that he executed the transfer to John W. Withee, for the considerations and purposes therein stated. On the 28th April, 1857, the commissioner of the land office certified that warrant No. 177, purporting to have been issued to P. W. Boggus on the 18th November, 1836, for 320 acres of land, and on file in his office, was presented to the commissioner of the court of claims for his action thereon, and was by him rejected—the same being a forgery; also, a certificate of the commissioner of the court of claims, that the certificate had been rejected as a forgery, April 28th, 1857.

M. C. Martin, for plaintiff, testified that he was present at the trade between plaintiff and defendant, about the certificate. Defendant received of plaintiff eighty dollars for the same; that it was paid in the settlement of a store or grocery account in favor of plaintiff against defendant. Defendant said that the certificate was a good and genuine claim.

On the trial, the court charged the jury—"That no cause of action accrued to plaintiff, until after the certificate was presented to and rejected by the court of claims, and the statute of limitation is no bar to the action; that if the same was presented, and rejected by the court of claims on the ground that the same was a forgery, Ripley having received a valuable consideration for it from Withee, he is liable to refund; and you will find a verdict for the plaintiff, for the sum paid, and for the interest."

Verdict and judgment for plaintiff, and defendant appealed.

Ripley v. Withee.

*Johnson & Towns*, for appellant, cited, Prout v. Smith, 20 Johnson R., 32; McDowell, v. McGuire, 8 Texas R., 361; Lewis v. Houston, 11 Id., 642; Ford v. Clement, 13 Idem, 592; Smith v. Talbot, 18 Idem, 774; Angel on Limitations, secs. 183, 185, 189.

*P. Murrah*, for appellee.

MOORE, J.—The judgment in this case is correct, unless the appellee's cause of action was barred previous to the bringing of his suit. In the case of Hallowell v. Munson, at the last Galveston Term of the court, it was decided that fraud, coupled with concealment by the defendant of the cause of action, from the plaintiffs, would suspend the running of the statute, or entitle the plaintiff to an action upon the discovery of the fraud, or at such time as he might have done so by the use of reasonable diligence. We think the principle of that case applicable to this one, and decisive of it. The transfer of the certificate by the appellant, for a valuable consideration, implied a warranty of title, and its genuineness as a valid claim for land against the State. If his representation, made at the time he sold the certificate, did not import an express warranty to that effect, appellee was entitled to an action on a breach of this warranty, but the statute would not commence to run against him until, by the use of ordinary and reasonable diligence, he could have ascertained that there was such a breach. It may be said, that although the appellee remained in ignorance of the fact that the certificate was a forgery, yet there was no concealment of this from him by the appellant. But it is evident, that appellee could not, by the use of any ordinary diligence, have ascertained the fact that the certificate was forged, until it had been so declared by the proper officer of the State, whose duty it was to pass upon it. When a concealment of the defect to which the warranty extends is a necessary incident of the transaction, such concealment must be regarded as the act of the vendor; and though he may have been ignorant of the defect in his title, and have acted, in fact, with the best of faith, a sale under such circumstances must be regarded as a legal fraud, and can only be treated as such.

2

It may, perhaps, also be questioned, in view of the objects and purposes such certificates are issued to subserve, whether they do not partake sufficiently of the nature of realty for the covenant of warranty to run with them, until they fail to serve the purpose of a genuine certificate, or the party can no longer acquire or hold title under them.   The judgment is affirmed.

Judgment is affirmed.