No. 6039.

THOMAS C. WILSON ET AL. *v.* WICHITA COUNTY.

1. PUBLIC OFFICER.—A public officer, who as such is the custodian of public money, is bond to account for and pay it over as required by law, or his sureties must pay it for him. To such an one the rules which fix the liability of a bailee for hire have no application.

2. PLEADING.—It is not necessary that the statement of a county treasurer's account should be passed on by the commissioners court before the institution of suit against him for failing to pay over public money to his successor in office. If entitled to credits against the debit with which he is charged, he may plead and show them.

3. SAME.—In a suit against a county treasurer for failing to pay over money to his successor in office, an allegation in the petition that the defendant failed to pay over to his successor in office the money sued for, is in effect, by reasonable intendment, an allegation that the successor had qualified to receive it, and is good on general demurrer.

4. COUNTY TREASURER'S BOND.—A refusal of a former county treasurer to deliver to his successor in office the money in his possession belonging to the school fund, when requested so to do by the proper authorities, is a breach of that portion of his official bond which binds him to safely keep and faithfully disburse the school fund according to law.

APPEAL from Wichita. Tried below before the Hon. B. F. Williams.

Suit by Wichita county against Thomas C. Wilson, ex-county treasurer of said county, and his sureties on the school tax bond, for the sum of six hundred and forty-two dollars and twenty-three cents, alleging that on November 4, 1884, appellant, Thomas C. Wilson, was elected county treasurer of that county; that on the first day of December thereafter he gave bond, with himself as principal and John Richardson, G. N. Randolph, George A. Soule and L. B. McMertry as his sureties; and that he entered upon the duties of said office and continued to act as such treasurer until November 23, 1885, and then resigned; that between December 1, 1884, and November 23, 1885, Wilson, as county treasurer, received various sums of money amounting to six hundred and forty-two dollars and twenty-three cents of the county school funds; that he had said funds in his hands as such treasurer when he resigned, and that in breach of his trust he retained said funds and refused to deliver the same to his successor in office.

Appellants pleaded specially that Wichita county did not have or furnish the said treasurer any safe or secure place to deposit and keep said funds; that he had none such of his own, and that at the time of his election and qualification there existed in Wichita Falls, in Wichita county, a banking house, doing a general banking business, known as the "Exchange Bank," which was considered by the people generally of Wichita and adjoining counties, and by the officials of said counties, to be perfectly safe and solvent and a secure place of deposit. Believing said bank to be the safest and most secure place to deposit and keep said funds, he, the treasurer, deposited said funds in said bank, with the consent of the board of county commissioners of the county; and that, on October 24, 1885, without fault

or negligence of appellant, the said bank failed, by reason of which said funds were entirely lost.

Appellee excepted to the answer, and the court sustained the exception.   Judgment for the county.

*S. B. McBride,* for appellant, on his proposition that the county treasurer of Wichita county, Texas, and his sureties on his bond for the county school funds, were not absolute insurers of the money, and were not liable on his bond for the county school funds which were, in good faith, deposited and kept in the "Exchange Bank" with the consent of the board of county commissioners of Wichita county, and lost, without fault or negligence of appellant, cited Revised Statutes, Article 989; George F. Simons et al. v. Jackson County, 63 Texas, 428; Houston County v. E. B. Dwyer et al., 59 Texas, 113; United States v. Thomas, 15 Wallace, 337–355; Cumberland v. Pennell, 31 American Reports, 284; 1 Wait, section 4, page 69, and authorities therein cited.

*J. P. Cobb* and *R. Boyd,* for appellee, cited Boggs v. The State, 46 Texas, 10, and authorities there cited; Dewees v. Colorado County, 32 Texas, 570; United States v. Prescott, 3 Howard, 578; 11 Id., 154; 4 Wallace, 182.

WILLIE, CHIEF JUSTICE.   There was no error in sustaining the demurrer to the special plea of defendant.   It is too well settled to require discussion that an officer who is custodian of public money does not occupy the relation of a mere bailee for hire, who is responsible only for such care of the money as a prudent man would take of his own.   He is bound to account for and pay over the public money, less his commissions, or his sureties must pay it for him.   This has been expressly decided in our own State, and also in frequent decisions of the Supreme Court of the United States.   (Bogg v. State, 46 Texas, 10; Boyden v. United States, 13 Wallace, 17; United States v. Prescott, 3 Howard, 578; United States v. Morgan, 11 Howard, 154; United States v. Dashiel, 4 Wallace, 182.)

The trial amendment was properly stricken out.   It admitted everything of any importance to the plaintiff's recovery which was contained in the petition, and was not such a plea as put the plaintiffs upon proof or would authorize proof on the part of the defendant.   The special plea to which it referred and

whose admissions it adopted confessed every allegation of the petition essential to a recovery by the plaintiff, but sought to avoid them by an excuse for the loss of the money in possession of the defendant Wilson when his successor was qualified. The trial amendment reiterated all these confessions without seeking to avoid their effect, and so presented no defense to the action.

The proposition that the bond was not approved by the county judge is not sustained by the record. His approval appears to the bond over his own name and official designation. The fact that he approved in open commissioners court does not make it the act of that court, even if it would be vitiated were this the case.

It was not necessary to have a statement of the treasurer's account passed upon by the court before bringing suit. If he had any credits to which he was entitled as against the debit with which he was charged, it was his duty to plead them.

The allegation that Wilson failed to pay over to his successor in office the money sued for was by reasonable intendment an allegation that his successor had qualified. This, under our rules, would have made the averment good against a general demurrer, and the benefit of such a demurrer is all the appellants can claim in the state of the pleading. (Rule 17, District Courts.)

The bond is conditioned that the treasurer would safely keep and faithfully disburse the school fund of said county according to law, and that he would pay such warrants as might be drawn on said fund by competent authority. The breach assigned was that Wilson retained, and refused to deliver to his successor in office, the sum of six hundred and forty-two dollars and twenty-three cents, although often requested so to do. To disburse money is to pay it out. When the proper authorities requested the treasurer to pay out to his successor in office the money belonging to the school fund remaining in his hands, they in effect demanded that he make a disbursement of it. In failing to do so he committed a plain breach of this particular obligation, and his sureties became liable for the money.

This disposes of all the points made in the briefs of counsel. Many of these would not have been noticed, as errors were not assigned upon them, but for the fact that delay was suggested by the appellee, which opened the whole record to revision. The points relied on for a reversal have no merit in them, but as the appellants may have thought that some of them deserved

adjudication by this court, we can not say that the appeal was taken solely for delay, and the judgment will be affirmed, but without damages.

*Affirmed.*

Opinion delivered April 15, 1887.