### J. T. HARRIS v. W. G. CAIN ET AL.

Decided December 11, 1905.

**1.—Pleading—Alternative Relief—Joinder of Parties.**

In a suit upon certain promissory notes to recover the amount of the same and to foreclose an alleged vendor's lien, the plaintiff may properly join as a codefendant the party from whom said notes were bought, and who represented at the time of the purchase that the same were secured by a valid vendor's lien, and pray in the alternative that in the event said lien should fail that plaintiff have judgment against the person making said representation for the money paid for said notes.

**2.—New Parties by Supplemental Petition.**

A plaintiff may bring in new parties by supplemental petition as well as by amended petition when the necessity for such parties is made to appear by facts pleaded in the answer of the original defendant.

**3.—Limitation—Fraud.**

Plaintiff purchased the notes sued upon on the representation of the seller that they were secured by a vendor's lien; limitation did not begin to run against the purchaser until the misrepresentation was discovered or should have been discovered by the use of ordinary diligence.

Appeal from the District Court of Smith County. Tried below before Hon. R. W. Simpson.

*T. B. Butler,* for appellant.—The court erred in overruling the plea of misjoinder of causes of action: Williams v. Robinson, 63 Texas, 582, 583; Frost v. Frost, 45 Texas, 341; Stewart v. Gordon, 65 Texas, 347; Mexican Nat. Cons. Co. v. Middledge, 13 S. W. Rep., 257; Frey v. Ft. Worth & R. G. Ry. Co., 25 S. W. Rep., 609; Hays v. Perkins, 54 S. W. Rep., 1071; McDaniel v. Chinski, 57 S. W. Rep., 922; Skipwith v. Hurt, 58 S. W. Rep., 192; Dunson v. Nacogdoches Co., 37 S. W. Rep., 978.

*Cain & Knox,* for appellee.—The court did not err in overruling the general demurrer and plea of misjoinder of causes of action because the matters which plaintiff relied on for recovery are connected with and grow out of the same cause of action and involve the same subject matter of dispute. Houston & T. C. R. R. Co. v. Graves, 50 Texas, 181; National Bank of Jefferson v. Texas Investment Co., 74 Texas, 421; Milliken v. Callahan Co., 69 Texas, 206; Mathonican v. Scott & Baldwin et al., 87 Texas, 396; Moody v. Smoot, 78 Texas, 119.

The statute of limitations does not apply. Appellee had no notice of any vice in the notes until within a short time before Harris was made a party defendant, and the statute did not begin to run until appellee knew the notes were not as represented. Ripley v. Withee, 27 Texas, 14; Anding v. Perkins, 29 Texas, 354; Texas & Pac. Ry. v. Gay, 86 Texas, 608.

Upon the sale of a bill or note, there is an implied warranty that it has not been paid. Daskam v. Ullman, 74 Wis., 474.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against A. Olfenbuttel and Mrs. Augusta Olfenbuttel upon three pro-

missory notes for the sum of $1,000 each, executed by said A. Olfen-buttel in favor of T. R. and J. H. Bonner. These notes were given in part payment of the purchase money of a lot and improvements thereon situate in the city of Tyler. They were endorsed by the Bon-ners in blank, and had passed through the hands of several owners before coming into the possession of appellee, and a renewal and nova-tion of the contract as to the time and manner of payment had been endorsed thereon by the maker. The petition alleges that the amount due on the notes at the time suit was brought was $812.90 and that $1,606.65 would later become due thereon. The prayer is for recovery of said sum of $812.90 with foreclosure of the vendor's lien against the maker of the notes and Mrs. Olfenbuttel, who the petition alleges is asserting some character of title or claim to the property. Plaintiff also prays that the judgment foreclosing his lien be so framed as to protect the lien for the unmatured portion of the notes, and for equity and general relief.

The defendant Augusta Olfenbuttel, who prior to the time of the filing of her answer had been divorced from Olfenbuttel and had mar-ried A. Schuh, joined by her husband answered by general demurrer and general denial, and by special plea in which it is averred in sub-stance: That the notes sued on had been paid and discharged by the defendant A. Olfenbuttel long prior to the time that they came into the possession of plaintiff; that at the time said notes were so paid she was the wife of said defendant, and the property, in part payment for which the notes were executed, was the community homestead of said de-fendant and herself; that when said notes were so paid they were owned and held by the firm of Mayer & Schmidt and were by them delivered to Olfenbuttel for cancellation, but that without notice to her and in fraud of her homestead rights in said property, he negotiated and sold said notes to J. T. Harris and the East Texas Loan and Savings Asso-ciation; that prior to the institution of this suit she had been divorced from said Olfenbuttel and that in the divorce proceedings the property in question had been set aside to herself and children as a homestead so long as she should elect to use it as such, and that it was her home-stead at the time the answer was filed, though she was temporarily residing in Dallas, Texas. She prayed that the lien asserted by plain-tiff be held void and the property described in the petition discharged therefrom.

In reply to this answer the plaintiff filed a supplemental petition in which, after excepting generally and specially and denying the truth of the facts averred, he alleges that he purchased the notes for a val-uable consideration from J. T. Harris without any notice of the facts averred in said answer, and further, "that the said Harris warranted the genuineness of said notes and lien, and if it be true, as alleged by the defendants, that said notes had been paid off and discharged and said lien satisfied, that then and in that event he, the said J. T. Harris, is liable to plaintiff for such amount of money or the value of such proportion of said lien as may be lost by this plaintiff in case the said defendants should recover a judgment in accordance with their said allegations. To the end therefore that said J. T. Harris may defend the allegations made by the said defendants and respond to this

plaintiff in such damages as he may suffer in case such allegations are shown to be true, plaintiff prays that said Harris be made a party defendant to this suit; that he be served with process to answer herein, and in case plaintiff should fail to recover against the said defendant that he have a judgment over against the said J. T. Harris for his damages by reason of the premises, and for all costs of suit and such other and further relief, either in law or equity, as may be meet and proper."

The defendant A. Olfenbuttel did not answer plaintiff's petition but filed exceptions and a general denial to the answer of his codefendant, Mrs. Schuh.

J. T. Harris answered by general and special exceptions and general denial, and by special pleas set up the statute of two and four years' limitation in bar of plaintiff's suit against him. This answer concludes with the following plea:

"And further answering herein, the defendant shows to the court that he never at any time for himself individually owned or sold the said notes sued on, to the plaintiff, W. G. Cain; that said notes were the property of the East Texas Loan and Savings Association, of which this defendant was secretary and treasurer, and that he did on or about the 7th day of December, 1898, negotiate, sell and deliver said notes to the said W. G. Cain acting in his fiduciary capacity for said Loan and Savings Association, and not for himself individually, wherefore the defendant having fully answered herein, prays that he be discharged with his cost.

"Defendant prays judgment over against A. Olfenbuttel for any judgment that may be rendered against him, the loan association having purchased from Olfenbuttel."

In additional supplemental petitions filed by plaintiff he excepted generally and specially to the answers of Mrs. Schuh and J. T. Harris, and specially denied the truth of the facts averred in said answers. No amendment of the original petition was filed and no pleading filed by plaintiff asked for any relief against A. Olfenbuttel in addition to that prayed for in the original petition.

The cause was tried in the court below without a jury and judgment was rendered in favor of defendants Schuh denying a foreclosure of the lien claimed by plaintiff, and in favor of plaintiff against the defendants A. Olfenbuttel and J. T. Harris for the sum of $2,342.04, with direction that execution thereon first issue against Olfenbuttel. Judgment was also rendered in favor of Harris against Olfenbuttel for such sum as he might be required to pay plaintiff upon the judgment rendered in his favor against Olfenbuttel and Harris. From this judgment Harris alone has appealed.

The evidence sustains the finding of the trial court that the notes sued on were paid and satisfied by the defendant A. Olfenbuttel and the vendor's lien thereby discharged and were thereafter again put in circulation by said defendant and sold by him to the East Texas Loan & Savings Association. It further appears from the evidence that at the time the notes were sold by Olfenbuttel to said association the property upon which the vendor's lien had theretofore existed was the community homestead of said defendant and his wife, Augusta

Olfenbuttel, and that it has continued to be Mrs. Schuh's homestead, having been set aside to her as such in divorce proceedings between her and said Olfenbuttel.

The plaintiff purchased the notes from J. T. Harris without any notice of the fact that they had been previously paid and upon the representation of both Harris and Olfenbuttel that they were valid and subsisting obligations secured by a valid vendor's lien. The $2,342.04 for which plaintiff obtained judgment is the amount he paid Harris for said notes with interest thereon from the time of such payment, less the payments subsequently made on the notes by Olfenbuttel. Appellee purchased the notes from Harris in December, 1898. He never heard of any claim on the part of the defendant, Mrs. Schuh or any one else that the notes had been paid until some time in the year 1903, after this suit was brought. Harris was made a party in January, 1904. The notes all recite that they were executed in payment of the purchase money of a lot with improvements thereon situate in the city of Tyler and fully describe said property and acknowledge a vendor's lien thereon. They were all past due at the time appellee purchased them but had been kept alive by renewals endorsed theron by Olfenbuttel, and before appellee purchased them from Harris he procured the following instrument from Olfenbuttel:

"Tyler, Texas, December 7, 1898.

On the three notes hereto attached, described as follows, dated May 17, 1890, payable to T. R. Bonner and J. H. Bonner, for the sum of $1,000 each, secured by vendor's lien as described in deed of even date of said notes, I hereby acknowledge the unpaid balance to be twenty-three hundred, fourteen and 15-100 dollars ($2,314.15), and I promise to pay the same in monthly payments of not less than $35 per month, which payments are to be applied as follows for the next two years: $17.50 on the principal of these notes and $17.50 on the interest of these notes.

"At the end of two years the interest is to be reduced in the same proportion and the reduction on the interest payments is to be added to the loan credits on the notes.

It is agreed that the holder of these notes shall have the privilege of selecting the insurance company to carry policy of insurance on the property until said notes are paid.

(Signed)  A. Olfenbuttel."

At the time plaintiff purchased the notes Olfenbuttel and wife were occupying the property as a homestead.

The deed conveying the property to Olfenbuttel reserves a vendor's lien and this lien has never been released.

Harris was secretary of the East Texas Loan & Savings Association when the notes were negotiated to it by Olfenbuttel and he represented the association in that transaction. Some time afterwards the association went into liquidation and its assets were turned over to Harris for sale. He sold appellee some ten or fifteen of the notes held by the association. These sales were made at different times prior to the sale of the notes in question. Appellee knew at the time he purchased these

notes that Harris was the secretary of the association and that it was in liquidation. He had no conversation with Harris at the time he purchased the notes as to whether they were his property but supposed that they were. He testifies that Harris may have shown him quite a number of notes at the time he purchased these notes but did not tell him that the notes belonged to the association. Appellant does not say in his testimony that he told appellee that the notes belonged to the association.

There is no endorsement upon the notes connecting the association with them in any way. We think this testimony sustains the conclusion that appellee purchased the notes from Harris without notice that he was selling them in his representative capacity as agent for the association or that they had ever been the property of said association. Harris told appellee when he sold him the notes that they were secured by a vendor's lien upon the property therein described and they were purchased by appellee upon the faith of this representation and the statements made in the instrument executed by Olfenbuttel before set out.

Appellant's first assignment of error assails the ruling of the trial court in not sustaining his general demurrer to plaintiff's pleadings. The propositions submitted under this assignment are as follows:

First. "The plaintiff's pleadings do not allege that the matters pleaded by defendant Schuh in reference to the payment and discharge of plaintiff's lien are true, but on the contrary say he does not believe they are true, and there are no specific allegations in plaintiff's pleadings that the defendant Olfenbuttel is insolvent, or that the plaintiff has made any loss by reason of any act of the defendant Harris, and said pleadings are subject to the general demurrer.

Second. "According to plaintiff's pleadings his cause of action as against the defendant Harris is contingent upon his failing to recover of other defendants on a wholly different character of cause of action and therefore subject to the demurrer.

Third. "On an implied contract to refund by the assignee of a note against the assignor, the assignee must allege that he has used due diligence to collect and failed to do so before he has any cause of action against his assignor, and there being no such allegation, the demurrer should have been sustained.

Fourth. "The pleading making this defendant a party to said suit purported to be a supplemental petition, and the office of a supplemental petition is to set forth facts in avoidance of matter of defense pleaded in answer, and not to make party defendants, and the same can not be considered as an amended petition, because it does not attempt to take the place of the original petition, and the court should have sustained this defendant's general demurrer thereto."

None of these objections to the pleadings are valid. Plaintiff was not required, in order to assert his claim against appellant, to abandon his claim of lien upon the property, but could insist upon said lien and plead in the alternative that in event the court found that no lien existed he should have judgment against Harris for the amount paid him for said notes upon the faith of his representation that they were secured by a vendor's lien. The cause of action against Harris was.

connected with and grew out of the cause of action asserted against Olfenbuttel and both could be asserted at the same time and in the same pleading.

Under the allegations of the petition Harris was primarily liable to plaintiff for the consideration paid him for the notes in event his representation that they were secured by a vendor's lien was not true, and therefore plaintiff was not required to allege the insolvency of Olfenbuttel. The facts alleged do not place appellant in the position of a guarantor who could only be held liable in event the money could not be made out of the principal debtor, but if the representation made by him and upon the faith of which the appellee purchased the notes were not true he was liable to appellee for the money paid him for said notes, and this liability could have been enforced in a suit to rescind the contract of sale brought against him alone.

We know of no rule which prevents a plaintiff from bringing in new parties to a suit by supplemental petition, when the necessity for making new parties grows out of facts pleaded in the answer of the original defendant. On the contrary, this is the usual and proper practice. As Olfenbuttel has not appealed the question of the sufficiency of the pleadings to sustain the judgment in favor of appellee against him is not before us for consideration.

The second assignment of error complains of the action of the trial court in overruling appellant's special exceptions to the petition and special plea setting up a misjoinder of causes of action. As before stated, the cause of action alleged against appellant was connected with and grew out of the cause of action asserted against Olfenbuttel and was therefore properly joined therewith. The cases of Williams v. Robinson, 63 Texas, 582; Stewart v. Gordon, 65 Texas, 347; and others cited by appellant, only announce the general rule that a cause of action sounding in tort can not be joined with an entirely different and distinct cause of action growing out of contract, and that parties against whom a plaintiff has neither a common nor an alternative cause of action can not be joined as defendants. It is clear this rule has no application in the instant case. We think the authorities establish the rule that when two causes of action are connected with each other or grow out of the same transaction they may be properly joined and in such suit all parties against whom the plaintiff asserts a common or an alternative liability may be joined as defendants. Clegg v. Varnell, 18 Texas, 294; Houston & T. C. Ry. Co. v. Graves, 50 Texas, 181; Love v. Keowne, 58 Texas, 191; Milliken v. Callahan, 69 Texas, 206; National Bank of Jefferson v. Texas Investment Co., 74 Texas, 421; Moody v. Smoot, 78 Texas, 119; Mathonican v. Scott & Baldwin, 87 Texas, 396.

The third assignment assails the judgment on the ground that the evidence shows that appellee's cause of action against appellant was barred by the statute of limitation of two years. This assignment is without merit. The evidence before set out shows that plaintiff only discovered the falsity of the representation made by appellant a few months before the petition seeking recovery against him was filed. In suits of this character limitation will not begin to run until the misrepresentation is discovered or should have been discovered by the use of

ordinary diligence. Ripley v. Withee, 27 Texas, 14; Anding v. Perkins, 29 Texas, 354; Texas & Pac. Ry. Co. v. Gay, 86 Texas, 608. The evidence sustains the finding of the trial court that appellee could not by the use of ordinary diligence have sooner discovered that appellant's representation in regard to the notes being secured by a vendor's lien was not true, and therefore limitation did not begin to run until such discovery was actually made.

We have disposed of the question raised by the fourth assignment by our conclusion that the evidence was sufficient to sustain the finding of the trial court that appellee purchased the notes in question from appellant without notice that he was selling them as the agent of the East Texas Loan & Savings Association. The evidence upon this issue would have sustained a finding for appellant, but the preponderance in his favor is not such as to authorize us to disturb the finding of the trial court.

The appellant did not seek by his pleading in the trial court a foreclosure of an equitable lien against the interest of Olfenbuttel in the property in question and he can not now be heard to complain that such relief was not given him, even if it be conceded that the facts were sufficient to establish such lien in the absence of any homestead plea on the part of Olfenbuttel.

The appellee has not appealed from the judgment denying him a lien on the property and the question of the sufficiency of his pleadings and of the evidence to entitle him to a lien upon the interest of Olfenbuttel in the property can not be raised by appellant. This disposes of the question raised by the fifth assignment of error, and the assignment is overruled.

We are of opinion that the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*