**CLAY COUNTY et al. v. MERCHANTS' & PLANTERS' BANK et al.
(No. 11000.)**

(Court of Civil Appeals of Texas. Fort Worth.
May 31, 1924. J. J. Lory's Petition for Rehearing Denied June 28, 1924.)

**1. Action ⬡50(3)—No misjoinder of parties in suit by state, county, and road district to recover funds in insolvent bank.**

In a suit by state, county, and a road district against an insolvent bank and its sureties on two official bonds to recover funds deposited in bank under Acts 35th Leg. (1917) c. 11, § 3 (Vernon's Ann. Civ. St. Supp. 1918, art. 2444), no misjoinder of parties plaintiff was shown, where it was alleged that funds belonging to state, county, and road district were all deposited with defendant bank after its appointment as county depositary, and that it was difficult to determine when default occurred and which set of sureties on the bonds were liable and extent of liability on each of such bonds.

**2. Appeal and error ⬡747(2) — Contentions urged as counterpropositions in support of court's ruling held not properly before appellate court for determination.**

Contentions urged as counterpropositions in support of court's ruling sustaining a special exception to plaintiffs' petition were not properly before appellate court for determination, where they were made by exceptions to plaintiffs' petition, all of which were overruled, and defendants presented no cross-assignments of error to such rulings.

Appeal from District Court, Clay County; Paul Donald, Judge.

Suit by Clay County and others against the Merchants' & Planters' Bank and others. From an order sustaining a special exception to plaintiffs' petition, plaintiffs appeal. Reversed and remanded.

W. A. Keeling, of Mexia, Weldon & McDonald, of Wichita Falls, John W. Goodwin, of Austin, and Vincent Stine, of Henrietta, for appellants.

Carrigan, Montgomery, Britain, Morgan & King, Bullington, Boone & Humphrey, and John B. King, all of Wichita Falls, for appellees.

DUNKLIN, J. This suit was instituted by the state of Texas, acting through its Attorney General, and Clay county and road district No. 1 of Clay county, acting through the county judge and county commissioners of that county, against the Merchants' & Planters' Bank of Henrietta, which was the duly appointed county depository of Clay county, and the sureties on two official bonds given by the depository to recover funds that had been deposited with the bank in accordance with the statutes by the three plaintiffs respectively.

[1] The first bond sued on was approved February 17, 1921, and covers a period of two years from and after that date. The second bond was approved February 12, 1923, and covers a period of two years next after that date. The first bond was signed by six sureties and the second bond by five. E. Henderson signed the first bond but did not sign the second. J. J. Lory was a surety on both bonds.

The plaintiffs have prosecuted this appeal from an order of the court sustaining a special exception addressed to the petition by the defendant Lory, to the effect that there was a misjoinder of causes of action and parties plaintiff. By an act of the Thirty-Fifth Legislature, passed in 1917, shown in chapter 11, p. 16, of the General Laws (Vernon's Ann. Civ. St. Supp. 1918, arts. 2440–2445), a provision was made requiring the commissioners' court of each county in the state to appoint some banking corporation, association, or individual banker, doing business in the county, as the depository of the public funds, upon giving a bond with sureties, to be approved by the commissioners' court, and made payable to the county judge and his successors in office, and to be approved by the commissioners' court and also by the state comptroller of public accounts. By section 3 of that act, which is now article 2444 of our Revised Statutes, the county treasurer is required to transfer to the county depository so selected, after it has qualified, all the funds belonging to the county, as well as all other funds belonging to any district or other municipal subdivision thereof which has not selected its own depository. The act also requires the tax collecter to deposit "all taxes collected by him, or under his authority, for the state and such county and its various districts and other municipal subdivisions, in such depository or depositories, as soon as collected, pending the preparation of his report of such collections and settlement thereon." Following those provisions, the statute contains this: "The bond of such county depository or depositories shall stand as security for all such funds."

It was alleged in the petition that funds belonging to the state, the county, and the road district, named as plaintiffs, were all deposited with the defendant bank after its appointment and qualification as the county depository; that the bank had become insolvent and had refused proper demands for funds belonging to each and all of the three plaintiffs, and the suit was to recover the sum so due each of them.

Following allegations of different amounts deposited by different plaintiffs during periods covered by each bond and the misapplication by the bank of some of those funds, the petition contained this allegation:

"Plaintiffs now allege that it is difficult to determine when the default sued for occurred and

which set of sureties on such official bond is liable and the extent of liability of each of said bonds, and for that reason the sureties on the bonds executed in 1921 and the sureties on the bond executed in 1923 are made parties defendant herein."

We think the court erred in sustaining the special exception noted above and in dismissing the suit. Morris v. Davis (Tex. Civ. App.) 31 S. W. 850; Georgia Home Ins. Co. v. Leaverton (Tex. Civ. App.) 33 S. W. 579; Love v. Keowne, 58 Tex. 191; Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423; Mayhew & Isbell Lumber Co. v. Valley Wells Truck Growers' Ass'n (Tex. Civ. App.) 216 S. W. 225; Harris Co. v. Charlton, 112 Tex. 19, 243 S. W. 460, 245 S. W. 644; Langford v. Power (Tex. Civ. App.) 196 S. W. 662; Kunz v. Ragsdale (Tex. Civ. App.) 200 S. W. 269; Nueces Co. v. Gressett (Tex. Civ. App.) 213 S. W. 725.

[2] Appellees insist that the state of Texas was not a proper party plaintiff because it was not named as an obligee in the bond; that if the state has any cause of action at all against the sureties on the bond it would be for such excess only of its claim as it is unable to collect from the tax collector and the sureties on his bond after suit is instituted against them; and, further, that, since the county judge was named as the obligee in the bond, he alone could sue for any recovery of the amounts due to the state in this case, if that claim is enforceable at all. Those contentions are urged as counterpropositions in support of the ruling complained of. It is a sufficient answer to those contentions to say that the same were made by exceptions to plaintiffs' petition, all of which exceptions were overruled, and appellees have presented no cross-assignments of error to those rulings, and consequently those questions are not properly before us for determination, and some of them may be eliminated by amended pleadings on another trial.

For the errors pointed out, the judgment is reversed and the cause remanded.

BUCK, J., not sitting.