## BOLTON et al. v. CITY OF DE LEON.
### (No. 125.)

(Court of Civil Appeals of Texas. Eastland. March 26, 1926.)

**1. Equity ⬯51(2).**

Circumstances of each case must determine what constitutes multifariousness, justifying avoidance of multiplicity of suits.

**2. Banks and banking ⬯15—In suit by city to recover unsecured deposit in insolvent guaranty fund bank, city treasurer, bondsmen, bank, and banking commissioner held proper parties.**

Where city treasurer and his bondsmen were obligated for faithful performance of his duties, and, as custodian of city funds, he had deposited same as an unsecured deposit in guaranty fund bank, and such bank was closed, and its assets taken over by banking commissioner, in suit by city to recover such deposit against such parties *held* that there was no misjoinder, since subject-matter involved interest of all parties to the suit.

**3. Depositaries ⬯6—City might acquiesce in act of its treasurer in continuing deposit of its funds in state bank as unsecured deposit.**

Where city had not selected a depository for its funds, which were on deposit in state bank unsecured, when defendant was selected city treasurer, and city advertised for bids for a depository, and received none, *held* that city might acquiesce in treasurer's act in continuing deposit of such funds in such bank.

**4. Banks and banking ⬯15—Funds of city, which were unsecured and on deposit in state bank, and subject to check, held protected by depositors' guaranty fund as unsecured deposit (Rev. St. 1911, art. 486, as amended by Acts 38th Leg. [1923] c. 45).**

Funds of city, which its treasurer had on deposit in state bank, and which were unsecured and subject to check of city, were secured by depositors' guaranty fund as unsecured deposit, in view of Rev. St. 1911, art. 486, as amended by Acts 38th Leg. (1923), c. 45.

**5. Election of remedies ⬯2—That city elected to sue its treasurer and surety on official bond and recover judgment for unsecured deposit in insolvent state bank held not to preclude it from also recovering such deposit under guaranty depository law (Acts 38th Leg. [1923], c. 45).**

Where city treasurer and his surety were liable to city for failure to pay over unsecured deposit in insolvent state bank secured by guaranty fund, that city elected to sue treasurer and his surety on official bond and recover judgment for amount of deposit *held* not to preclude it from also recovering deposit under guaranty depository law since all rights and securities afforded city treasurer by his bond inured to benefit of city.

**6. Banks and banking ⬯15.**

City seeking to recover noninterest-bearing deposit in insolvent bank under guaranty depository law *held* not entitled to recover interest thereon.

**7. Municipal corporations ⬯173(2)—Bond of city treasurer held breached by failure to pay over money, though depositary failed without his fault.**

City treasurer, who was lawful custodian of fund deposited in state bank, was required to secure and keep same, and his failure to pay it over to city on demand was a breach of his bond; it being immaterial that bank failed without any fault on his part, or that city advised or instructed deposit to be kept in such bank.

**8. Judgment ⬯241—Judgment against city treasurer and surety for treasurer's failure to pay unsecured deposit in insolvent state bank and against bank and banking commissioner for such deposit under guaranty depository law, held not erroneous as allowing double recovery (Acts 38th Leg. [1923] c. 45).**

In suit by city against its treasurer and his surety for breach of treasurer's duty to pay over unsecured funds deposited in insolvent state bank, and to recover deposit under guaranty depository law, judgment against treasurer and surety for such deposit, and against bank and banking commissioner securing city's rights under guaranty depository law, *held* not erroneous as allowing double recovery, since treasurer and surety were entitled to have collection of judgment first enforced against bank and guaranty fund before being required to discharge judgment against them.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Comanche County; Joe H. Edison, Judge.

Suit by the City of De Leon against William D. Bolton and others. Judgment for plaintiff, and defendants appeal. Reformed and affirmed.

Callaway & Callaway, of Comanche, George E. Shelley, of Austin, and C. L. Stone, Asst. Atty. Gen., for appellants.

George E. Smith, of Comanche, and Clyde Hampton, of De Leon, for appellee.

RIDGELL, J. We adopt the statement of the nature and result of this suit as made by appellants in their brief as follows:

."The city of De Leon instituted this suit against Wm. D. Bolton, the American Surety Company of New York, the First State Bank of De Leon, W. S. Rose, Jr., Byron R. Smith, and J. L. Chapman, banking commissioner of the state of Texas. Chas. O. Austin was thereafter by an order of the court duly entered and substituted for J. L. Chapman, banking commissioner. It was adjudged by the trial court that the plaintiff take nothing by reason of its suit against defendants W. S. Rose, Jr., and his successor, Byron R. Smith.

"Plaintiff alleged in its petition that the city of De Leon is a municipal corporation, duly incorporated under the laws of the state of Texas under the provisions of chapter 17, title 22, of Revised Civil Statutes of the state of Texas, regulating and providing for the adoption and amendment of charters of cities having more than 5,000 inhabitants, and that its charter had been duly adopted and filed in the office of the secretary of state of the state of Texas, as required by law; that Wm. D. Bolton was the duly appointed qualified and acting treasurer of said city of De Leon, and, as required by law, executed his bond in the sum of $15,000 with the American Surety Company of New York as surety thereon, whereby Wm. D. Bolton, as principal, and the American Surety Company of New York, as surety, became bound unto said city of De Leon in the sum of $15,000, conditioned that Wm. D. Bolton, as such treasurer for said city, would faithfully discharge all duties required of him by law as treasurer of said city, then said obligation should become void, otherwise to remain in full force and effect; that Wm. D. Bolton, as treasurer of said city, had defaulted on said bond; that said bond had become due, payable, and enforceable as against Wm. D. Bolton, and the American Surety Company of New York is liable to, and bound to pay to, said city all of its damages in the premises not to exceed $15,000.

"That the First State Bank of De Leon, of De Leon, Tex., was incorporated under the laws of the state of Texas, a banking corporation, on the 2nd day of April, A. D. 1919. It elected to secure its depositors by the adoption of the depositors' guaranty fund plan. It was closed by the banking commissioner of Texas for liquidation on the 16th day of November, A. D. 1921.

"The First State Bank of De Leon and J. L. Chapman, banking commissioner, who was thereafter by order of the court substituted for Chas. O. Austin, then banking commissioner, were also made parties defendants. The plaintiff alleged in its petition that it had no city depository, and that through its treasurer deposited in the First State Bank of De Leon its various funds as an unsecured, noninterest-bearing deposit; that, when the bank was closed by the banking commissioner, said city had on deposit therein to the credit of the various funds of the city an amount aggregating $6,287.49;. that the banking commissioner refused to classify its claim as payable out of the guaranty fund. Plaintiff in his petition prayed for judgment against the defendants Wm. D. Bolton, as treasurer of said city of De Leon, and the American Surety Company of New York, surety on his official bond, and also prayed for judgment, establishing his claim as an unsecured, noninterest-bearing deposit secured by, and payable out of, the depositors' guaranty fund.

"The defendant Chas. O. Austin, banking commissioner, and the First State Bank of De Leon answered by general demurrer, special exception, and general denial.

"The defendant American Surety Company of New York answered by general denial and by way of cross-action against its codefendants, Bolton, and by adopting and making its own the amended answer of its codefendant, Bolton.

"Defendant Wm. D. Bolton answered by general demurrer, general denial, and that in the event judgment was rendered against him he have judgment for like amount against Chas. O. Austin, banking commissioner of the state of Texas, and the First State Bank of De Leon, Tex.

"Plaintiff, the city of De Leon, by supplementary petition, replied to the answer of the defendants Chas. O. Austin, banking commissioner, and the First State Bank of De Leon by excepting thereto.

"The court overruled the demurrers, general and special, and exceptions of the defendants Chas. O. Austin and the First State Bank of De Leon, and all demurrers and exceptions of other defendants, including general exception in paragraph 1 of plaintiff's supplementary petition addressed to the first amended original answer of Chas. O. Austin, banking commissioner, and the First State Bank of De Leon, to which all defendants respectively excepted.

"The case was tried by the court without the intervention of a jury, and resulted in a judgment in favor of plaintiff for the sum of $5,972.-97, with interest thereon from the 16th day of November, A. D. 1921, at the rate of 6 per cent. per annum against Wm. D. Bolton and the American Surety Company of New York, and that the defendant Wm. D. Bolton have and recover for the use and benefit of the city of De Leon from the First State Bank of De Leon and Chas. O. Austin, as banking commissioner, $5,972.97, with interest thereon from November 16, 1921, at the rate of 6 per cent. per annum, and establishing the same as secured by and payable out of the depositors' guaranty fund, to which judgment all defendants respectively excepted, and in open court gave notice of appeal, and bring this case by an appeal, assigning errors upon which they rely for reversal."

The first assignment advanced by appellee is predicated upon alleged error in the trial court in overruling demurrer to plaintiff's petition in abatement, on account of

alleged misjoinder of causes of action. It is insisted that, this suit being against Wm. D. Bolton, city treasurer, and the surety on his official bond, as well as against Chas. O. Austin, banking commissioner of Texas, and the First State Bank of De Leon, there is a misjoinder of causes of action and the demurrer should have been sustained.

Under our system of prosecuting and defending suits, the one great desire and purpose is to avoid multiplicity and to dispose in the one suit every issue that can arise out of the subject, and of all parties who may be materially interested in the subject-matter. As early as the 3 Tex. 270, Justice Wheeler in the case of Thomas v. Hill, the wisdom and the necessity for avoiding multiplicity of suits was plainly announced, and since that time this rule has been the convenience and practice of our courts. Love v. Keowne, 58 Tex. 191; Cobb v. Barber, 47 S. W. 963, 92 Tex. 309; Mateer v. Cockrill, 45 S. W. 751, 18 Tex. Civ. App. 391; Mathonican v. Scott, 28 S. W. 1063, 87 Tex. 396; Harris v. Cain, 91 S. W. 866, 41 Tex. Civ. App. 139.

[1, 2] No positive general rule can be formulated as to what may, or may not, constitute multifariousness, but the circumstances of each case must determine the matter. Nueces County et al. v. Gussett et al. (Tex. Civ. App.) 213 S. W. 725; Skipwith v. Hurt, 60 S. W. 423, 94 Tex. 322. In this case Bolton was city treasurer, and had given bond as city treasurer, wherein he and his bondsmen obligated that Bolton, as treasurer, would faithfully discharge all duties required of him as such treasurer. As custodian of the city funds, Bolton deposited same in the First State Bank of De Leon, which was a guaranty fund bank, and, as treasurer under the facts, was an unsecured depositor. The bank was closed, and, as authorized by law, its assets were taken in charge by the banking commissioner of the state of Texas. The city of De Leon had the right to demand of its treasurer to turn over its fund intrusted, and, upon failure to do so, certainly could maintain suit against the treasurer and his bondsmen; the treasurer having deposited the funds in the bank, which is usual and customary, such deposit being noninterest-bearing, and secured by the guaranty fund, but prevented from withdrawing the funds on account of the insolvency of the bank and the act of the commissioner in taking charge of the assets of the bank. Certainly it could not be said there is a misjoinder when the subject-matter involves the interest of all the parties to this suit. To the contrary, it appears to us that it was proper, and required that all these parties having interest and rights in this fund be parties to the suit, so that the respective rights and liabilities could be adjudicated by one trial and judgment. The liabilities of Bolton and his bondsmen, of course, was proper matter to be determined, and, if Bolton, as treasurer, had any

security for the fund by reason of its deposit in a guaranty fund, that security would inure to the benefit of the city as well as to his surety on his bond. It would follow that all were proper and necessary parties, and we think there was no error committed by the court in overruling the demurrer. Clay County v. Merchants' & Planters' Bank (Tex. Civ. App.) 264 S. W. 163; Morris v. Davis (Tex. Civ. App.) 31 S. W. 850; Georgia Home Ins. Co. v. Leaverton (Tex. Civ. App.) 33 S. W. 579; Mayhew & Isbell Lbr. Co. v. Valley Wells Truck Growers' Ass'n (Tex. Civ. App.) 216 S. W. 225; Harris County v. Charlton, 243 S. W. 460, 245 S. W. 644, 112 Tex. 19; Langford v. Power (Tex. Civ. App.) 196 S. W. 662; Kunz v. Ragsdale (Tex. Civ. App.) 200 S. W. 269; Nueces County v. Gussett (Tex. Civ. App.) 213 S. W. 725.

Appellant, by third proposition, insists that the court erred in overruling demurrer, for the reason that the appellee's petition failed to allege the presentation of its claim against the First State Bank of De Leon to the banking commissioner of Texas, or the presentation of said claim by any one for and in its behalf.

The appellee alleged that in due time, as prescribed by law, said defendant Wm. D. Bolton made claim to Ed Hall, commissioner of insurance and banking of the state of Texas, for payment from said guaranty fund of $6,599.04, and that said claim was made on or about February 1, 1922, and that there had been paid on said claim certain amounts, leaving a balance of $6,287.49, and that said Chapman and his predecessor, Hall, had failed and refused to pay said balance, and refused to classify said claim as belonging to, and protected by, the guaranty fund of the state of Texas.

It was the plain duty of Bolton, as custodian of the fund, to his principal as well as to his surety to do all things to protect his bailment and trust, and his act in presenting the claim as alleged meets the requirement of the law, and the city would enjoy the benefit. The act of appellant's recognizing the claim and paying part of same, certainly would be a challenge to later deny the proper presentation of same. Anyhow, the record shows that the claim was presented, and there was no error of the court overruling the demurrer.

By proposition under fourth assignment of error, it is insisted that no pleading in the case warranted an authorized judgment in favor of Wm. D. Bolton for the use and benefit of the city of De Leon.

The fifth and sixth assignments of error really involve the same assault upon the judgment as the fourth assignment of error; the proposition being advanced that the court should not have rendered judgment in favor of Bolton, treasurer, for the use and benefit of the city of De Leon, as payable out of the guaranty fund.

It is insisted that, the First State Bank of De Leon being city depository of the city of De Leon, the deposit of city funds therein did not constitute a deposit such as is secured by the guaranty fund, but is a trust fund, and was erroneously classified as a city deposit and payable out of the guaranty fund.

In the record we find the following agreed facts:

[3, 4] It is agreed that the city of De Leon made the demand upon Wm. D. Bolton, as treasurer, and his surety for the payment of the amounts due by him to the city, and that neither Bolton nor his surety, the American Surety Company of New York, have ever paid said amount due the city. It was agreed that Bolton was duly appointed treasurer of the city of De Leon, and, as such had control and custody of the funds in question and executed bond to the city. It was agreed that the city authorities of De Leon duly and properly advertised for bids as authorized by law for a depository for the city funds, and, having received no bids from any source as a depository for said funds agreeing to pay interest or secure the same, the treasurer left the funds in the First State Bank of De Leon, a guaranty fund bank, without interest or security from the bank as a noninterest-bearing and unsecured deposit of the several accounts of the city, as set out in plaintiff's petition.

We do not think it necessary to burden the record with further statements from the agreed facts. It is sufficient to say that the city of De Leon had not selected a depository; that these funds were on deposit in said bank, unsecured at the time Bolton was selected treasurer, and the city advertised for bids for a depository; and, having received no bids, had the right to acquiesce in Bolton continuing the deposits of said funds in the bank.

We do not see how the city could be classified other than as the same relation of any other depositor of the bank. Bolton, as treasurer, had the city funds on deposit in the bank. They were unsecured, subject to the check of the city, and, in the absence of any statutory law depriving such deposits of the security afforded by the guaranty of noninterest-bearing, unsecured deposits, we see no reason why the city would not be upon the same footing and standing of any other unsecured depositor.

The Supreme Court of this state, since the trial in the lower court, has settled this matter against the contention of appellant. In the case of Eastland County v. Chapman, 276 S. W. 654, our Commission of Appeals, speaking through Justice Speer, says:

"We hold against defendant in error upon his contention that public funds such as those involved in this case were not within the contemplation of the statutes of surety afforded by the depositors' guaranty fund."

In Eastland County Case, the county had selected the Security State Bank & Trust Company as depository; afterwards, becoming dissatisfied, and, at least for purposes, desiring to sever its contract with said bank as depository for said county, changed the county's account from an interest-bearing to an unsecured deposit. After this change, the county made a deposit of certain moneys in the bank, and it was this deposit that the Commission of Appeals, under the approval of the Supreme Court, ordered established as deposit secured by the guaranty fund, and that same be paid out of the depositors' guaranty fund.

The fact that the Thirty-Eighth Legislature (Acts 38th Leg. [1923], c. 45) amended article 486, R. S., so as to provide that any deposit of public funds of any kind or character, deposited in a state bank, shall not be insured as a deposit is strongly persuasive of legislative construction of article 486, and the amendment indicates the necessity for the legislation in order to protect the guaranty fund from securing such deposits of public funds.

I. In view of the holding of our Supreme Court, the said assignments will be overruled, and the judgment of the trial court holding that this fund was protected and secured by the depositors' guaranty fund will be approved.

[5] By assignments 8 and 9 it is urged that the city, having elected to sue Bolton and his surety on his official bond, and having recovered judgment, was not entitled to also recover judgment against appellants.

By the conditions and obligations of his bond, Bolton and his surety were liable to the city for the failure to pay over the fund; this fund having been deposited in the bank and coming within the law guaranteeing such deposits. The treasurer, for himself, and bondsmen were guaranteed in the deposit, and all the rights and securities afforded Bolton inured to the benefit of the city. The city, therefore, was entitled to a judgment against Bolton on his bond, and likewise to a like judgment for payment out of the guaranty fund, and the assignments are overruled.

[6] By assignment of error No. 10, the judgment allowing 6 per cent. interest on claim from November 16, 1921, is assailed, and contention made that a creditor of an insolvent bank is not entitled to receive interest upon his claim against the bank. At the time of closing of bank this fund was a noninterest-bearing deposit, and we see no reason how the contract could be changed so as to provide interest on the fund after its assets by law had passed into custody of banking commissioner.

Suppose in this case, as is the usual condition, the banking commissioner received no deposits of money, therefore, made in defunct bank. Could he, as receiver, or trustee of

assets, be forced to pay interest on a fund not .withheld by him, and never in his custody? Again, could the guaranty fund be chargeable with interest on a deposit which insolvent bank failed to pay, and which deposit it received under contract to use without payment of any interest?

If. the guaranty fund is to make good the deposit of insolvent bank, it would only be required to pay the amount due at the time bank suspended payments of deposits and under contract as existed at the time, which was noninterest bearing.

Our banking laws are fashioned after the national banking laws and the trend of authority announces the rule to be: If the assets of an insolvent bank are more than sufficient to pay all debts, then the creditors are allowed dividends to pay interest due from the debtor bank, but, in measuring and determining the share of each creditor in the fund, interest beyond the date of suspension is not calculated against insolvent bank. White v. Knox, 4 S. Ct. 686, 111 U. S. page 784, 28 L. Ed. 603.

The banking commissioner could only recognize and pay out of guaranty funds the amount of such deposit as shown by satisfactory proof or by adjudication of a competent court to have existed before insolvency, and no interest would be chargeable against the guaranty fund. Eastland County Case on motion for rehearing, 278 S. W. 425.

The appellant Bolton questions the judgment against him and his surety, and brief is also filed by the surety company. We do not believe it is necessary to enter into an extended discussion of his four assignments of error, for the reason that in the main they involve the same question of law discussed in disposing of the assignments of appellant's bank and banking commissioners.

Having concluded that this deposit was a noninterest-bearing one, protected by the guaranty feature of our banking law, and that the same should be paid out of guaranty fund, we have disposed of these assignments, unless it be the complaint that judgment should not be rendered against him and surety, for the reason that he was guilty of no negligence, misconduct, or malfeasance as treasurer, and that the deposit was made under advice and direction of the city.

[7] Bolton was the lawful custodian of this fund, and it was his duty to secure and keep same, and the failure to pay same over to the city was a breach of his bond. City of Bonham v. Taylor, 16 S. W. 555, 81 Tex. 59; Brown v. City of Amarillo (Tex. Civ. App.) 180 S. W. 659; Coe v. Nash (Tex. Civ. App.) 40 S. W. 239; Wilson v. Wichita County, 4 S. W. 67, 67 Tex. 647. The fact that fund was deposited in this bank, and the bank failed without any negligence, fault, or miscarriage of Bolton, would not change or af-

fect his liability. Poole v. Burnet County, 76 S. W. 427, 97 Tex. 77.

The fact that city advised, or even instructed, the deposit to be made in the bank would be immaterial, and would afford no protection to Bolton. He was treasurer, under bond, and owed the legal duty to city to preserve the fund and deliver same on legal order to proper authority. McKinney v. Robinson Co., 19 S. W. 701, 84 Tex. 489. The assignments of error of appellant Bolton and American Surety Company are overruled.

[8] The complaint that judgment is double recovery is not well taken. The city being entitled to a judgment against Bolton and his surety for funds shown to be in the custody of Bolton, as treasurer, and the funds being deposited in the appellant bank and protected as noninterest-bearing deposit under guaranty depository law, the judgment against bank and banking commissioner secured to appellee its legal rights under the facts, and Bolton and surety company should likewise enjoy the protection and indemnity afforded by the judgment against bank and commissioner, with right to have collection first enforced against bank and guaranty fund before being required to discharge the judgment.

It is the order of this court that the judgment of trial court be reformed, disallowing any interest on the claim; that the cost of appeal be adjudged against appellee; and, as reformed, judgment will be in all other respects affirmed.