## AMERICAN INDEMNITY CO. v. HIDALGO COUNTY et al.

### No. 10841.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 8, 1941.

Rehearing Denied Jan. 29, 1941.

Davenport & Ransome, of Brownsville, for appellant.

R. D. Cox, Jr., of Mission, for appellees.

SMITH, Chief Justice.

In May, 1926, O. Em Jones, then tax collector of Hidalgo County, wrongfully disbursed certain tax funds belonging to the State of Texas and Hidalgo County and certain subdivisions thereof. The funds were paid out in pursuance of a judgment of a district court of said county.

Subsequently, but within two years of the wrongful act, the State of Texas brought this suit against Jones and his surety, American Indemnity Company, on Jones' official bond as tax collector, to recover said funds, described in appellant's brief as follows:

"(1) $4,731.63 in tax money belonging to Plaintiff, State of Texas;

"(2) $7,156.73 from tax money belonging to Hidalgo County;

"(3) $2,939.24 from tax money belonging to Hidalgo County Drainage District No. 1;

"(4) $1,057.75 from tax money belonging to Hidalgo County Road District No. 1; and

"(5) $493.76 from tax money belonging to Hidalgo County Common School District No. 14.

"Neither the County of Hidalgo, Hidalgo County Drainage District No. 1, Hidalgo County Road District No. 1, nor Hidalgo County Common School District No. 14 were parties to said suit; but Plaintiff, the State of Texas, sought to recover, as Trustee, the several amounts alleged to be due them, and each of them."

In due course the cause was tried and the State recovered each of the several items sued for, and for the purposes stated. Jones and the Indemnity Company appealed to this Court, which held that the State was entitled to recover the amount owing to it, as Jones' bond to cover taxes collected for the State was payable to the Governor for the use of the State, but that the State could not maintain the suit in behalf of Hidalgo County and its subdivisions, since Jones' official bond to indemnify those entities was payable to the county judge for their benefit. Accordingly, the judgment of the trial court upon that first trial was affirmed insofar as recovery was awarded the State for the amount of its tax money which had been misapplied, and reversed and remanded insofar as the State recovered in behalf of Hidalgo County and its subdivisions. American Ind. Co. v. State, Tex. Civ.App., 104 S.W.2d 68. The Supreme Court dismissed appellants' application for writ of error for want of jurisdiction.

Upon the return of mandate Hidalgo County and its affected subdivisions filed in the trial court what they denominated "plaintiffs' fourth amended original petition," in vacation just prior to the convening of the next ensuing term of the trial court, in lieu of the third amended original petition, which had been previously filed by the State for itself and said subdivisions. By this amendment Hidalgo County and its subdivisions undertook to substitute themselves as parties plaintiff in lieu of the State, thereby dropped from the suit. These parties set up precisely the same cause of action (upon identical allegations of fact) against Jones and his surety which the State in all prior pleadings had undertaken to set up in their behalf. To this pleading the Indemnity Company interposed pleas in abatement and of limitation, which the trial judge overruled, and thereupon rendered judgment for the plaintiffs as prayed for. The Indemnity Company has appealed; Jones has not.

It appears that Jones appeared and actively contested the suit throughout its course in the trial court and this Court until appellees substituted themselves as parties plaintiff by filing plaintiff's fourth amended original petition. Jones was not cited by new process to appear and answer that pleading, nor did he participate in the trial thereon, but his counsel had actual notice of the filing of the amendment and of the proceeding thereon, and somewhat regularly attended upon, but did not actually participate in, the trial. Appellant here assails the judgment upon the contention that it is invalid and of no effect because of lack of actual notice (by citation) to Jones of the filing of plaintiff's fourth amended original petition, upon which the judgment was rendered. We overrule this contention, propounded in appellant's fourth proposition of law. Jones having been cited upon the original petition, and appeared and answered thereto, he was charged with notice of the filing of all subsequent petitions, or at least of those which did not materially change or enlarge the cause of action originally and consistently theretofore asserted against him. Art. 2001, R.S.1925; Slattery v. Uvalde, etc., Co., Tex.Civ.App., 140 S.W.2d 987; Phillips v. The Maccabees, Tex.Civ.App., 50 S.W.2d 478.

Appellant contends in its first proposition that the county and the several subdivisions thereof had no right to assert, in this one suit, their several respective causes of action against the tax collector and the surety upon his official bond; that those plaintiffs were simple creditors, with wholly separate and distinct claims, not dependent upon any trust or lien, and each can maintain its suit only in a separate action. We overrule the proposition. The several causes of action asserted by those plaintiffs were identical in nature, arose from the same wrongful act of the common defendant, whose liability to each grew out of the same relation of public trust, and was secured by the same bond, to recover upon which they joined in this suit; and, moreover, the several causes of

action were provable and proven by identical facts and evidence. Clearly it was the duty of the trial judge to permit the joinder, as was done, and thereby avoid an unnecessary multiplicity of suits. City of Dallas v. Early, Tex.Civ.App., 281 S. W. 883; Adams v. First National Bank, Tex.Civ.App., 178 S.W. 993; Threadgill v. Federal Land Bank, Tex.Civ.App., 26 S.W.2d 345; American Surety Company v. Hill County, Tex.Civ.App., 254 S.W. 241; Barton v. Farmers' State Bank, Tex. Com.App., 276 S.W. 177; Farmers' Nat. Bank v. Merchants' Nat. Bank, Tex.Civ. App., 136 S.W. 1120; Harris v. Cain, 41 Tex.Civ.App. 139, 91 S.W. 866; Kreis v. Kreis, Tex.Civ.App., 36 S.W.2d 821; Steusoff v. Liberty County, Tex.Civ.App., 34 S.W.2d 643; Watson v. El Paso County, Tex.Civ.App., 202 S.W. 126; Wolff v. Cohen, Tex.Civ.App., 281 S.W. 646.

In its second and third propositions appellant contends that the institution of this suit by the State in its own behalf and that of appellees did not interrupt the operation of the statute of limitation upon appellees' causes of action, and that since appellees did not become formal parties plaintiff until more than four years after their causes of action accrued, they were barred by the statute; that the act of appellees in making themselves active parties plaintiff by amended petition more than four years after their asserted cause of action accrued, amounted to the filing of a new suit, which was barred. We conclude that appellant's contention that appellees' cause of action was barred under the facts stated is without merit. The causes of action asserted by appellees in the amended petition filed more than four years after accrual were precisely the same causes asserted in their behalf by the State in prior pleadings, timely filed. Insofar as appellees were concerned the State was but the nominal plaintiff, suing in behalf of appellees, the real plaintiffs, and when appellees, as the real parties at interest intervened in the pending suit and in their own names carried forward the causes of action theretofore timely asserted and consistently maintained for them by the original, if nominal, plaintiff, the statute of limitation did not operate thereon to bar them. We overrule appellant's second and third propositions. Art. 5539b, Vernon's Ann.Civ.Stats; 32 Tex. Jur. pp. 111 et seq.; Davis v. Preston, 118 Tex. 303, 16 S.W.2d 117; Martel v. Somers, 26 Tex. 551; Price v. Wiley, 19 Tex.

142, 70 Am.Dec. 323; Smith v. Wingate, 61 Tex. 54; Eckel v. Camden Fire Ins. Ass'n, Tex.Civ.App., 5 S.W.2d 849; Camden Fire Ins. Ass'n v. Eckel, Tex.Com. App., 14 S.W.2d 1020; Medford v. Red River County, Tex.Civ.App., 84 S.W.2d 345; Lilly v. Tobbein, 103 Mo. 477, 15 S. W. 618, 23 Am.St.Rep. 887.

The judgment is affirmed.