**COUNTY OF HARRIS, Appellant,**

v.

**W. D. BLACK, Jr., et al., Appellees.**

**No. 298.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Dec. 10, 1969.

Rehearing Denied Jan. 7, 1970.

Joe Resweber, County Atty., Bruce D. Mosier, Asst. County Atty., Houston, for appellant.

No attorney for appellees.

SAM D. JOHNSON, Justice.

Condemnation case brought by Harris County, appellant, against the landowner, W. D. Black, Jr., appellee.

The Harris County Commissioners Court was in the process of authorizing certain condemnations for general roadway purposes. All of the property needed for the particular roadway was not authorized at one instance but rather the property was approved a few tracts at a time. In the instant case, the Commissioners Court, by appropriate order, designated three tracts of land for condemnation. Two of these are not in issue here. The third was a large triangular shaped tract, and it is a smaller triangular shaped portion of this property that is in issue.

Pursuant to the Commissioners Court's order the County filed its petition for condemnation of the large triangular shaped tract which was in all things regular on its face. The petition recited that the condemnation was "for the purpose of opening, widening, straightening, grading and improving" a county road known as South Belt Drive County Road No. 16410–7. The judge of the County Civil Court at Law appointed three Special Commissioners who held an administrative hearing and returned an award to the court.

It was after the foregoing that the landowner Black filed a Plea in Abatement and Exceptions and Objections to the award of the Special Commissioners. The trial court heard evidence on the Plea in Abatement and thereupon granted the plea, holding the county had no authority to condemn a portion of the property, that being the smaller tract in issue. The trial court's order recites that it "revested" the smaller

triangular tract in the defendant landowner and abated and dismissed the cause insofar as this fractional portion of the property was concerned. The order further recites that the land henceforth being condemned by the county should be the large triangular tract minus the smaller triangular tract. It is from the trial court's action thus sustaining the Plea in Abatement that appeal is brought to this Court.

The landowner's Plea in Abatement which was directed to the smaller triangular tract only, is founded upon allegations that such smaller triangular tract was not being condemned for a purpose for which the county had the power of eminent domain; but rather was actually being condemned "for the purpose of trading said property to other property owners in the area of condemnation." The landowner's plea made no such allegation insofar as the remainder of the larger tract was concerned.

Appellant Harris County asserts points of error to the effect that certain presumptions in its favor arise when an eminent domain action is instituted, that the instant order was supported by a determination of necessity by the Commissioners Court, and that such determination is conclusive in the absence of fraud, arbitrariness or gross abuse of discretion. We do not, however, reach the asserted points of error in view of the disposition that we are compelled to make.

It is to be noted that the appellee landowner has filed no brief in this Court.

For this Court to accept this appeal, however, this Court must of necessity have jurisdiction. Lack of jurisdiction is considered to be fundamental error with or without motion or assignment of error. Wagner v. Warnasch, 156 Tex. 335, 295 S.W.2d 890 (1956); State v. Sunland Supply Co., 404 S.W.2d 316 (Tex.Sup.1966). We are of the opinion that jurisdiction in this Court does not exist.

In the absence of a rule or statute authorizing an exception there may be an appeal only from a final judgment of the trial court. Art. 2249, Vernon's Ann. Tex.Civ.St. For a judgment to be final it must "* * * determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy." Wagner v. Warnasch, supra, 295 S.W.2d at p. 892. The rule which is "* * * deceiving in its apparent simplicity and vexing in its application" North East Independent School Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex.Sup.1966), must apply here. In addition, "*Only one* final judgment shall be rendered in any cause except where it is otherwise specifically provided by law." (Emphasis added). Rule 301, Texas Rules of Civil Procedure.

In the instant case the trial court's order neither disposes of all issues before the court nor does it appear to be the only "judgment" which is to be entered. The trial court's order purports to eliminate a portion of the property sought to be condemned and "revest" it in the landowner. The trial court's order did not dispose of the entire condemnation action, however, as it is still pending as to the larger portion of the property sought to be taken. There is no order or judgment whatsoever as to this larger tract, though presumably it is to be taken for roadway purposes. In subsequent proceedings the trial court will be called upon to enter at least one additional "final" judgment and could, conceivably, enter additional orders sustaining other Pleas in Abatement as to other portions of the remaining tract.

Without passing upon the propriety or the authority of the trial court in taking the action which it took in sustaining the Plea in Abatement, and without reaching the merits of the controversy between the parties, we hold that the issues between the parties have not been disposed of and there

is no one final judgment before the Court. Cf. Grossenbacher v. Burket, 427 S.W.2d 595 (Tex.Sup.1968), on severance.

We conclude that this appeal must be dismissed.

Dismissed.