O. T. EAMES, Appellant,

v.

John L. JACKSON et ux., Appellees.

No. 17447.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 9, 1973.

John H. Chambers, Arlington, for appellant.

Morgan & Nobles and Wm. A. Nobles, Decatur, for appellees.

## OPINION

LANGDON, Justice.

This appeal is from a summary judgment in which it was ordered, adjudged and decreed by the court that a certain deed of trust made by the appellees to O. T. Eames, Trustee, and a certain trustee's deed be set aside, cancelled and held for naught, and the cloud cast upon the property therein described be removed as an encumbrance against the title of the plaintiffs (appellees).

We reverse and remand for a trial upon the merits of the entire cause of action.

The record reflects that the defendant, O. T. Eames, the appellant herein, filed his answer and counterclaim in this cause. He also filed his motion controverting the motion for summary judgment with controverting affidavits attached thereto. Appellant, under the record, was deprived of his right to take the deposition of the appellees although he exercised every legal step to accomplish this purpose.

Rule 215a(c), Texas Rules of Civil Procedure, provides that, "If a party . . . except for good cause shown, fails to appear before the officer who is to take his oral deposition or his answers to written questions or cross-questions under these rules, after proper service of subpoena or notice as provided in Rule 201, the court in which the action is pending on motion and notice may strike out all or any part of the pleading of that party, or dismiss the action or proceeding or any part thereof, or

direct that such party shall not be permitted to present his grounds for relief or his defense, or enter a judgment by default against that party, or make such other order with respect thereto as may be just." In the case at bar it is apparent from the record that the appellee ignored the notice provided by Rule 201, T.R.C.P. He offered no excuse for his absence. No excuse is not a showing of good cause.

■ The appellant was not dilatory in seeking to obtain appellee's deposition. He had answered the suit on December 28, 1972, and five days later gave notice under Rule 201 to take the deposition of the plaintiff which was three days prior to the filing of plaintiff's motion for summary judgment. It would not have been an abuse of discretion if the Court had seen fit to dismiss the plaintiff's suit. Collins v. Wayland, 9 Cir., 139 F.2d 677, cert. den. 322 U.S. 744, 64 S.Ct. 1151, 88 L.Ed. 1576. But the application of such a severe sanction was a matter of discretion and the court should have at least followed that portion of Rule 215a(c) which reads: ". . . or make such other order with respect thereto as may be just." In the instant case the court should have directed the plaintiff to appear for deposition in accord with the defendant's notice prior to making any ruling on the plaintiff's motion for summary judgment. Defendant's motion, duly supported by the affidavit of the court reporter, was before the court clearly reflecting that the notice had been properly served on counsel for the plaintiff and that plaintiff failed to appear for deposition. It is the intent of the rule to encourage compliance with the rules respecting discovery rather than to reward for noncompliance.

■ There were no motions filed seeking to sever the cause of action filed by the appellee and the counterclaim of the appellant and the record does not reflect any order to this effect, yet the summary judgment seeks to dispose of all issues raised by either party in the pleadings on

file. The judgment not having disposed of all issues is not a final judgment.

■ We find and hold that issues of fact were raised as to controlling facts in this cause. The serious issue of credibility on the part of appellee, Jackson, is a primary one. His failure to respond to a demand for deposition deprived appellant of the right of inquiry into the facts of the case and the opportunity to provide the court the entire record.

Because issues of fact were raised and because of failure to sever the counterclaim filed by the appellant the summary judgment is reversed. The cause is accordingly remanded to the trial court for a trial upon its merits.