GORDON YATES BUILDING SUPPLIES, INC., et al., Appellants,

v.

FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellee.

No. 17768.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 5, 1976.

Rehearing Denied Dec. 10, 1976.

Garrett, Burkett & Bodoin, and John B. Garrett, McBryde, Bogle & Green, and John H. McBryde, Fort Worth, for appellant.

Street, Swift, Brockermeyer, Bell & Ward, John G. Street, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal from a summary judgment granted the insurer, The Fidelity and Casualty Company of New York, against its

insureds, Gordon Yates Building Supplies, Inc. (Yates) and G.R.Y., Inc., in an action brought by the insurer under the declaratory judgment law, Article 2524–1, V.A.T.S., in which the insurance company sought a judgment declaring that it had no duty to defend a personal injury suit pending against Yates, one of its insureds, and that there was no insurance coverage afforded either of the insureds in connection with that suit.

We reverse and remand.

Plaintiff insurer, as movant, alleged that on August 1, 1973, it issued a general liability insurance policy naming both of the defendants as insureds. It covered the period for August 1, 1973, through August 1, 1974. The petition of the insurer alleged that on February 20, 1974, one of the defendants delivered a load of lumber to property which adjoined the property of Buddy Bavousett; that Buddy Bavousett, individually and as next friend for his minor son, Buddy Joe Bavousett, filed suit against Gordon Yates Lumber Company et al. in the 141st District Court seeking to recover damages from Gordon Yates Lumber Company (which is a misnomer of defendant, Gordon Yates Building Supplies, Inc.) for improperly stacking the lumber.

It further alleged that the insurance policy afforded by the bodily insurance liability coverage did not apply to bodily injury included within the "completed operations hazard" or the "products hazard". The "operations hazard" and "products hazard" were then quoted. Plaintiff alleges that a true copy of the Bavousett suit is attached for purposes of showing the allegations contained therein.

The attached petition shows that the Bavousetts are suing Gordon Yates Lumber Company and Steve Simpson, d/b/a Steveco Builders, on account of personal injuries sustained by the minor Bavousett occasioned by the negligence of the defendants in improperly stacking the lumber in violation of certain sections of the Occupations Safety and Health Act of the U. S. Government. The attached petition was not a sworn or certified copy of the petition.

Rule 166–A(c), T.R.C.P., requires that the motion for summary judgment shall state the specific grounds therefor. To meet this requirement plaintiff alleged only two grounds for the granting of its motion for summary judgment, those being: the undisputed facts show that the bodily injury claim involved herein arose within the (1) products hazard or (2) the completed operations hazard, both of which were expressly excluded from coverage by said policy.

The summary judgment did not specify the grounds for the granting of same. It did decree that the insured's motion for summary judgment be and is hereby granted and further decreed that the insurer is under no duty to defend the Bavousett suit.

The insureds assert the trial court erred in the granting of this summary judgment, and also erred in granting it on each of the two grounds alleged in the motion, and all other possible grounds for granting same.

The insureds assert by one of their points of error that the trial court erred in granting the summary judgment because the allegations in the suit brought by the Bavousetts are not a part of the summary judgment proof and that such proof is necessary in order to sustain a summary judgment. They contend that the instrument attached to appellee's petition in this suit is nothing more than an allegation by the insurer. The insureds cite *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex. Sup., 1971) in support of this point of error. That court stated in that case:

"On balance, we are convinced that orderly judicial administration will be better served in the long run if we refuse to regard pleadings, even if sworn, as summary judgment evidence. Taking this course will make for more orderly trials with fewer problems for courts and attorneys. . .

"The trial process includes both the pleading and the trial stages, whether the trial stage be in summary or conventional trial proceedings. If trial judges will be diligent in requiring in summary judgment proceedings that trial be on independently

produced proofs, such as admissions, affidavits and depositions, the rule we have here approved should present no problems." See also *McGlothing v. Cactus Petroleum, Inc.*, 394 S.W.2d 955 (Tex.Civ.App., Waco, 1965, ref., n. r. e.).

■ We hold that the pleadings of the insurer cannot be considered as summary judgment proof. The underlying damage suit must be proved by independently produced proofs such as admissions, affidavits, and depositions, or certified copies attached to an affidavit or served therewith, or other independently produced proof.

The insurer contends that various pleadings and motions filed by the insureds admit that the underlying damage suit has been filed and that said petition alleges that on February 20, 1974, the minor Bavousett was allegedly involved in a situation wherein he received personal injuries from lumber which had been stacked by defendants. None of the insureds' pleadings allege enough details of the damage suit pleadings to constitute an admission against interest sufficient to supply the necessary proof to sustain the summary judgment.

The insurer contends that the court can take judicial notice of the suit filed in the 141st district court which is attached to its petition in the 48th district court because it is a part of the court papers filed in the 48th district court.

In *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961) that court held that movants for summary judgment, who referred to the record in a prior case in the same court in their motion for summary judgment but failed to attach certified copies thereof to their motion, were not entitled to a summary judgment. See also *Gist v. Stamford Hospital Dist.*, 541 S.W.2d 510 (Tex.Civ.App., Eastland, 1976, no writ hist.).

■ The insurer contends that since its original petition, to which was attached the underlying damage suit petition, was sworn to, it then became the duty of the insureds to have excepted to its pleadings at or prior to the hearing. In support of this assertion it cites *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.Sup., 1962). In that case an *affidavit* was filed in support of the motion for summary judgment and the *affidavit* included by reference "as if fully rewritten herein" a written document which was attached to one of the pleadings. Under these facts the Supreme Court properly held that said affidavit would constitute proof and was adequate except for technical defects. Under these circumstances a party opposing a motion should have excepted to the *proof*. In the case before us the underlying damage suit petition was never a part of the summary judgment evidence and therefore there was no duty to except to its admissibility.

■ The movant has the burden to establish, as a matter of law, by competent summary judgment evidence, that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.Sup., 1970).

The movant in the case before us had the burden to affirmatively establish, as a matter of law, by summary judgment evidence (not summary judgment pleadings) upon which it could rely, each of the following: (1) that movant had issued a liability insurance policy to the insureds; (2) that a liability suit had been brought against the insureds and is pending; (3) that the allegations of the underlying damage suit petition, when considered in the light of the policy provisions, establish the fact that the insurer had no duty to defend that suit; (4) that the insureds are contending that its insurer has an obligation to provide a defense to such suit; and (5) that the movant is contending that it does not have an obligation to defend. The insurer failed to meet this burden of proof.

In *Argonaut Southwest Insurance Company v. Maupin*, 500 S.W.2d 633 (Tex.Sup., 1973) that court held: "The petitioner's duty to defend is determined by the allegations of the petition when considered in the light of the policy provisions without reference to the truth or falsity of such allegations. (Citing supporting cases.)"

In *Texas Nat. Corp. v. United Systems, Internat'l, Inc.*, 493 S.W.2d 738 (Tex.Sup., 1973) that court again pointed out the necessity of attaching a sworn certified copy to a proper affidavit. It specifically held: "We point out again the desirability of counsel's following the wording of Rule 166–A(e). The opinion in *Hidalgo* clearly states that unless the case is one properly to be decided upon the pleadings, a motion for summary judgment should be supported by its own summary judgment proof as set out in the rule, and not by reference to the pleadings."

It follows then that the insured failed to establish as a matter of law that it had no duty to defend the damage suit.

This point is sustained.

The insureds contend the court erred in adjudicating that the insurer has no obligation to G.R.Y., Inc. and that G.R.Y., Inc. should bear court costs.

The insurer's petition does not allege any fact that would create any justiciable controversy between G.R.Y., Inc., and its insurer. It is not even named as a defendant in the liability suit. The only summary judgment proof, upon which the insurer could rely, are the deposition of Bina Minninger, the affidavit of Gordon Yates, and the depositions of Glenn Yates and Gordon Yates. Glenn and Gordon Yates testified that G.R.Y., Inc. had nothing to do with the operation of the business of Gordon Yates Building Supplies, Inc., the delivery of the lumber, or any of the events made the basis of this suit. G.R.Y., Inc. is a corporation engaged in ranching operations and related activities.

Courts do not have the power to render advisory opinions. *Central Surety & Insurance Corp. v. Anderson*, 445 S.W.2d 514 (Tex.Sup., 1969).

We hold that the judgment as G.R.Y., Inc. is an advisory opinion.

This point is sustained.

The insureds assert that the trial court erred in granting summary judgment on the two grounds alleged in the motion because (1) appellee did not establish as a matter of law by summary judgment evidence upon which it can rely that the "completed operations hazard" exception prevented appellee from having a defense obligation; (2) appellee did not establish as a matter of law by summary judgment evidence upon which it can rely that "products hazard" exception prevents appellee from having a defense obligation.

If we are in error in holding that the damage suit petition, attached to the insurer's petition, is not a part of the summary judgment proof, then we hold that the insurer did not establish as a matter of law that the above two exceptions prevented the insurers from having a defense obligation.

The insurance policy here involved contains two liability coverages which are "comprehensive general insurance liability" and "comprehensive automobile liability insurance". The policy contains the usual provisions that the insurance company has the right and duty to defend any suit against the insured seeking damages on account of bodily injury, even if any of the allegations are groundless, false or fraudulent.

The "completed operations hazard" exception provides in part:

" 'completed operations hazard' includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but *only if the bodily injury or property damage occurs after such operations have been completed or abandoned* and occurs away from premises owned by or rented to the named insured. 'Operations' include materials, parts or equipment furnished in connection therewith. *Operations shall be deemed completed at the earliest of the following times:*

"(1) *when all operations to be performed by or on behalf of the named insured under the contract have been completed.*

"(2) *when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed,* or

"(3) *when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.*" (Emphasis ours.)

The "products hazard" exception is defined as follows:

" 'products hazard' includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others; . . . ."

The summary judgment evidence contained in the depositions of Glenn Yates and Gordon Yates and the affidavit of Gordon Yates is to the effect that on February 19, 1974, lumber was ordered on behalf of Steveco, Inc., for its use in the framing of a new house located on Vanessa Street in Fort Worth. Mr. Hunt, the framing contractor, placed this order. The parties here involved had been doing business with each other for about 30 years. They had an oral agreement that Yates would furnish all the lumber and building supplies it had available for all the houses built by Steve Simpson or Steveco, individually or through another company. The purchasers agreed they would not order lumber or building supplies from any other company. The lumber ordered on February 19, 1974, was to be delivered in two loads and then the operation would be completed as far as this one house was concerned.

At the time of the depositions Steveco was building 25–30 houses. The first of the two loads of lumber was delivered on February 20, 1974, the date of the accident. On February 22, 1974, the second load of lumber was delivered to the same address and both loads were used by Steveco in completing the framing of the house. With the delivery of this second load of lumber, the order which Mr. Hunt had placed on February 19, 1974, was completed.

We hold that under this evidence a fact issue was raised concerning whether or not all the operations to be performed, by or on behalf of the named insured under this contract it had with Steveco, had been completed and whether or not this insured had performed all the operations to be performed by it at the site of the operations on the date of the accident.

In *Lloyds Casualty Insurer v. McCrary*, 149 Tex. 172, 229 S.W.2d 605 (1950) and *Employers Mut. Cas. Co. v. Hefner*, 254 S.W.2d 565 (Tex.Civ.App., Dallas, 1952, no writ hist.) those courts held that further work to be done at a future date at the site of the operations prevented the "completed operations hazard" from being operative.

We will next examine the "products liability" exception.

" 'Products Liability', to the average person, refers to liability arising out of the use of, or existence of any condition in goods or products manufactured, sold, handled or distributed by the insured." *Heyward v. American Casualty Co. of Reading, Pa.*, D.C., 129 F.Supp. 4.

In general the "products hazard" exception applies only if the injury is caused by a "defective product". *Lessak v. Metropolitan Casualty Ins. Co. of New York*, 168 Ohio St. 153, 151 N.E.2d 730 (1958); *Cooling v. United States Fidelity and Guaranty Co.*, 269 So.2d 294 (La.Ct. of Appeal, 1972); *Brant v. Citizens Mutual Automobile Insurance Co.*, 4 Mich.App. 596, 145 N.W.2d 410 (1966); *Insurance Co. of N. A. v. Electronic Purification Co.*, 67 Cal.2d 679, 63 Cal.Rptr. 382, 433 P.2d 174 (1967); *Employers' Liability A. Corp. v. Youghiogheny & O. Coal Co.*, 214 F.2d 418 (U.S.Ct. of App., 8th Cir., 1954); *McGinnis v. Fidelity & Casualty Company of New York*, 276 Cal.App.2d 15, 80 Cal.Rptr. 482 (1969).

The allegations in the damage suit petition allege that Yates and Steveco improperly stacked the lumber so that the stack of lumber was unstable causing it to fall and injure the minor plaintiff. There are no

allegations that the lumber is defective, or any warranty was made in connection therewith.

We hold the insurer failed to meet its burden of proof to establish as a matter of law that the "products hazard" exception in its policy relieved it of its duty to defend the law suit.

This point of error is sustained.

Judgment reversed and remanded to the trial court for trial on the merits.