**Nelda Wood ROGERS and Lola Wood Ward, Appellants,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.**

No. 8140.

Court of Civil Appeals of Texas, Beaumont.

May 25, 1978.

William Drew Perkins, Lufkin, for appellants.

John D. Stover, Lufkin, for appellee.

DIES, Chief Justice.

General Motors Acceptance Corporation (hereinafter known as G.M.A.C.) sued Joe and Pauline Lackey for $65,427.00, and sued Nelda Wood Rogers and Lola Wood Ward for a declaratory judgment that plaintiff was entitled to receive $350.00 per month from Rogers and Ward pursuant to an assignment of sublease rentals. The trial court granted plaintiff's motion for summary judgment, and Rogers and Ward instituted this appeal. The Lackeys have not appealed.

Joe Lackey was a Chevrolet dealer in Lufkin, Texas, and leased his business premises from Nelda Wood Rogers and Lola Wood Ward. Lackey financed the purchase of new automobiles for his stock by executing promissory notes payable on demand to G.M.A.C. Lackey fell behind in his lease payments to Rogers and Ward, and in his finance payments to G.M.A.C. Rogers and Ward sued Lackey concerning the lease payments.

Lackey sublet the premises, and assigned his right to receive sublease rental payments to G.M.A.C. on March 11, 1976. He also agreed not to settle his suit with Rogers and Ward without G.M.A.C.'s approval.

On April 27, 1976, Rogers and Ward settled their suit with Lackey, and agreed that they would receive the sublease rentals, and then pay him $350.00 per month. Lackey then assigned his right to receive $350.00 per month to G.M.A.C. When Lackey, Rogers, and Ward all refused to make the payments, G.M.A.C. instituted the present suit.

G.M.A.C. moved for summary judgment on August 3, 1977. Rogers and Ward filed a counterclaim on September 8, 1977. G.M.A.C. answered that the counterclaim "fails to state any cause of action upon which a claim for relief can be based." G.M.A.C. did not amend its motion for summary judgment to include the counterclaim. The motion for summary judgment was granted on January 4, 1978, and covered both G.M.A.C.'s original action and the counterclaim.

We affirm the summary judgment as to G.M.A.C.'s action against the Lackeys for $65,427.00, and for a declaratory judgment that Rogers and Ward pay G.M.A.C. the sum of $350.00 per month pursuant to the

assignment of rentals agreement. We sever Rogers and Ward's counterclaim, and reverse and remand this portion of the case for further proceedings.

Strict compliance with *Tex.R.Civ.P. 166–A* is essential to entitle a party to summary judgment. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958); *Moody v. Temple Nat. Bank*, 545 S.W.2d 289 (Tex. Civ.App.—Austin 1977, no writ).

A party is not entitled to have a summary judgment rendered in his favor unless he has filed a motion therefor. *Dixon v. Shirley*, 531 S.W.2d 386 (Tex.Civ.App.—Corpus Christi), writ ref'd n. r. e. per curiam, 545 S.W.2d 441 (Tex.1976); *Republic Nat. Bank of Dallas v. Southern Brokerage Co.*, 338 S.W.2d 295 (Tex.Civ.App.—San Antonio 1960, writ ref'd n. r. e.); *Durham v. I. C. T. Insurance Co.*, 283 S.W.2d 413 (Tex.Civ.App. —Dallas 1955, writ dism'd). The purpose for requiring such a motion is to put the non-moving party on notice as to what facts he must contradict to defeat the motion. *Skeen v. Glenn Justice Mtg. Co., Inc.*, 526 S.W.2d 252 (Tex.Civ.App.—Dallas 1975, no writ).

In the present case, G.M.A.C. never moved for summary judgment as to Rogers and Ward's counterclaim. Though counterclaimants' attorney may have realized nearly two months before entry of judgment that the counterclaim was also involved, we cannot substitute this knowledge for notice and strict compliance with *Tex.R.Civ.P. 166–A*. We hold that the trial court erred in granting G.M.A.C. more summary judgment relief than it ever asked for.

As an additional reason for this conclusion, we note that G.M.A.C. only answered Rogers and Ward's counterclaim with the general statement that it did not state a cause of action. *Tex.R.Civ.P. 90* states that:

"General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court . . . shall be deemed to have been waived . . . ."

*Tex.R.Civ.P. 91* points out the particular requirements of a special exception. Neither *Rule 90* nor *Rule 91* was complied with by G.M.A.C. in its answer to Rogers and Ward's counterclaim.

The situation in the present case is analogous to that reviewed by our Supreme Court in *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974). In *Herring*, a prisoner sued prison authorities for personal injuries based on a claim of negligence in failing to provide adequate medical care. The Department of Corrections moved for summary judgment, alleging that Herring had failed to state a cause of action. No special exceptions to Herring's pleadings were filed. Our Supreme Court concluded that:

"[T]he protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings, as here, fail to state a cause of action. To do so would revive the general demurrer discarded by Rule 90, Texas Rules of Civil Procedure."

The Supreme Court affirmed the opinion of the Court of Civil Appeals reversing and remanding the case for trial. We adopt the rationale of *Herring* in deciding the present case. See also, *Lawter v. Dallas County*, 525 S.W.2d 885 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.), for the proposition that, in the absence of special exceptions filed by the defendant, the plaintiff's petition will be treated as sufficient to state a cause of action.

We have reviewed the evidence in the present case under the applicable standard, and we hold that the trial court properly granted G.M.A.C.'s motion for summary judgment against the Lackeys for $65,-427.00, and against Rogers and Ward for a declaratory judgment. The summary judgment evidence establishes that there are no disputed issues as to any material fact with regard to these claims. *Gulf, Colorado & Santa Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.

1970); *G. Yates Bldg. Sup. v. Fid. & Cas. Co. of N. Y.*, 543 S.W.2d 709 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.).

With respect to Rogers and Ward's counterclaim, G.M.A.C. did not ask for summary judgment, nor did it properly except to the counterclaim. The trial court should have severed the counterclaim, and only granted summary judgment as to the rest of the case. *Tex.R.Civ.P. 41; Hayes v. Norman*, 383 S.W.2d 477 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.); *Eames v. Jackson*, 501 S.W.2d 457 (Tex.Civ.App.—Fort Worth 1973, no writ). We hereby order that Rogers and Ward's counterclaim be severed, and reversed and remanded for further proceedings. The trial court's judgment is in all other respects affirmed. Costs are adjudged against General Motors Acceptance Corporation.

REVERSED and REMANDED in part and AFFIRMED in part.