**C.E. HODDE, d/b/a Aggieland Harley-Davidson and Harley Davidson Motor Company, Inc., Appellants,**

v.

**George YOUNG, Appellee.**

**No. B14–83–680CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 24, 1984.

Rehearing Denied June 21, 1984.

Frank Steelman, C.J. Kling, Bryan, for appellants.

Evette M. Correa, Bryan, for appellee.

Before PAUL PRESSLER, ROBERT-SON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

In this appeal from a summary judgment, the question is whether the trial court erred in granting a final rather than a partial summary judgment. Plaintiff, George Young, brought suit against defendants, C.E. Hodde and Harley-Davidson Motor Company, Inc. under Texas Deceptive Trade Practice Act for breach of express and implied warranties on a Harley-Davidson motorcycle purchased by the plaintiff from defendant, C.E. Hodde, and for committing the following deceptive acts and practices under TEX.BUS. & COM. CODE ANN. § 17.46(b) (Vernon Supp. 1984):

(1) representing that goods and services had sponsorship and approval which they do not have;

(2) representing that goods and services were of a particular standard, quality and grade when they are of another; and

(3) representing that work or services had been performed on and parts replaced in goods when the work and services were not performed and parts not replaced.

Both defendants answered with general denials. Plaintiff filed a Motion for Summary Judgment on February 10, 1983. On April 7, 1983, defendant, Hodde, filed a counterclaim against plaintiff for compensation for repairs made by Hodde on plaintiff's motorcycle and for attorney's fees and court costs under TEX.BUS. & COM. CODE ANN. § 17.50(c) (Vernon Supp. 1984). On that same date defendant Hodde also filed an answer to plaintiff's Motion for Summary Judgment in which defendant Hodde moved for summary judgment on his counterclaim. Summary Judgment hearing was held on April 14, 1983. The plaintiff filed an answer to defendant Hodde's counterclaim on April 20, 1983. The court rendered Final Summary Judg-

ment for plaintiff on July 5, 1983. The judgment disposed of defendant Hodde's counterclaim in the form suggested in *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966) by stating that all relief requested and not expressly granted is denied. This provision expressly disposes of all parties and issues in the case; therefore the court's summary judgment was final and the parties had no alternative but to appeal. *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex.1982).

■ Defendant Hodde has raised the point of error that the trial court erroneously denied his counterclaim by summary judgment, because plaintiff never made a motion for summary judgment requesting that the counterclaim be denied. Plaintiff's Motion for Summary Judgment could not have included Hodde's counterclaim which was filed after plaintiff's motion. A summary judgment may be granted only in favor of a party who has moved for summary judgment and whose evidence offered in support of the motion establishes the movant's right to judgment as a matter of law. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984); *Rogers v. General Motors Acceptance,* 567 S.W.2d 576 (Tex.Civ.App. —Beaumont 1978, no writ).

■ The summary judgment erroneously disposed of defendant Hodde's counterclaim. The correct judgment should have been an interlocutory or partial summary judgment which did not adjudicate the counterclaim. A partial or interlocutory summary judgment is not final unless the judgment severs the issues and parties that are left unadjudicated. *Pan American Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959). There was no severance in this case. An appeal may be prosecuted only from a final judgment. TEX.REV.CIV.STAT.ANN. art. 2249 (Vernon Supp.1984). Lack of jurisdiction is considered to be fundamental error with or without motion or assignment of error. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 892 (1956); *County of Harris v. Black,* 448 S.W.2d 859, 860 (Tex. Civ.App.—Houston [14th Dist.] 1969, no

writ). We therefore do not have jurisdiction to consider the other points of error raised by the defendants.

In *Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984) the Supreme Court held that the trial court erroneously granted a summary judgment in favor of a defendant who had not moved for summary judgment. Our court affirmed the trial court's judgment after overruling all of appellant's points of error which related to the portion of the summary judgment granted in favor of the two defendants who had moved for summary judgment. *Teer v. Duddlesten,* 641 S.W.2d 569 (Tex.App.—Houston [14th Dist.] 1982). The Supreme Court did not reverse the judgment which we rendered in part, but reversed the entire judgment and remanded to the trial court for trial of the plaintiff's action against the defendant who had not moved for summary judgment. We interpret this action by the Supreme Court to require that once an appellate court has determined that the trial court has erroneously rendered a final summary judgment when it should have rendered a non-appealable partial summary judgment, it should reverse and remand the cause to the trial court and not consider any other points of error which may have been raised.

We accordingly, reverse the portion of the trial court's judgment which denies defendant Hodde's counterclaim and remand for trial of the counterclaim. We neither affirm or reverse the summary judgment granted in favor of plaintiff's cause of action. Thus, the trial court is left with a partial summary judgment for plaintiff's cause of action and remand for trial of defendant Hodde's counterclaim. The defendants may appeal the summary judgment granted in favor of plaintiff's cause of action after the counterclaim is disposed of or after the trial court has ordered a severance of the counterclaim. At such time the judgment of the trial court will be final and appealable.