Glenn Edouard SEUREAU, Appellant,

v.

TANGLEWOOD HOMES ASSOCIATION, INC., James G. Harris, et ux, Frank B. Davis, John L. Skalla, et ux, and S.B. Pope, Appellees.

No. C14–84–710CV.

Court of Appeals of Texas, Houston (14 Dist.).

May 2, 1985.

Rehearing Denied June 13, 1985.

John Hagerman, Hagerman & Seureau, Spring, for appellant.

Eugene M. Nettles, Page & Nettles, Houston, for appellees.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a summary judgment ordering appellant Glenn Edouard Seureau to dismantle and remove a shed or carport added to his house in violation of certain subdivision deed restrictions regarding set-back requirements. After a separate trial by jury on the issue of attorney's fees sought under Tex.Prop.Code Ann. § 5.006 (Vernon 1984), the court ordered that appellees recover $19,987.50 plus additional amounts should appellant unsuccessfully appeal the judgment.

We reverse and remand because appellant's response and summary judgment proof raised an affirmative defense of waiver involving contested issues of fact. The parties have raised numerous additional issues, most of which need not be addressed.

In his first point of error appellant states "the court of appeals lacks jurisdiction since the trial court's summary judgment did not dispose of Seureau's counterclaim resulting in an interlocutory judgment."

▇ The point of error is poorly worded. The trial court's error, if any, does not affect this court's jurisdiction. *See Young v. Hodde*, 682 S.W.2d 236 (Tex.1984) (per curiam). We construe appellant's point to be that the trial court erred in rendering an implied take-nothing judgment on his counterclaim because appellees' motion for summary judgment did not request that relief. He asserts that *Hodde v. Young*, 672 S.W.2d 45 (Tex.App.—Houston [14th Dist. 1984], writ ref'd n.r.e.), controls. *Hodde* can be distinguished. In *Hodde* the plaintiff Young brought suit against defendant Hodde under the Deceptive Trade Practices Act for breach of express and implied warranties on a motorcycle sold by Hodde. The counterclaim sought to recover for the costs of repairs to the motorcycle. Such a counterclaim presents a clearly separate cause of action and issues not necessarily decided by a judgment on the breach of warranties issues.

In Seureau's so-called second amended counterclaim he merely raised the same defensive issue of waiver already made part of his answer. He alternatively prayed that other unnamed landowners who have also allegedly violated deed restrictions be made parties to the suit. The "counterclaim" also asserts an entitlement to attorney's fees under statutes that, if applicable, would award such fees only to the prevailing party.

▇ We hold that the so-called counterclaim was not really a counterclaim, but a rehash of his answer and perhaps a plea in abatement or motion to join additional parties. The court could treat the pleading as if it had been properly designated. Tex. R.Civ.P. 71. The plaintiffs did not need to include in their motion for summary judgment a request that the defendant take nothing under such a pleading. As to the plea for attorney's fees, since an award

could only be granted to the prevailing party, the judgment for appellees necessarily negated any award to appellant under the so-called counterclaim. We recognize that in *Teer v. Duddlesten*, 664 S.W.2d 702 (Tex.1984), a summary judgment as to one defendant was improper even though all issues concerning that party had been decided in the judgment for its co-defendants. In that instance the erroneous judgment had been in favor of a defendant who had not moved for summary judgment. In this case Seureau was before the court responding to his opponents' motion for summary judgment, and all parties participated in the hearing. The first point of error is overruled.

■ In his second point of error, appellant contends that the six individual defendants are barred from joining in the suit by the statute of limitations because they joined more than four years after the structure was built and observed by them. Tex. Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958). Suit was originally brought by Tanglewood Homes Association, Inc., on behalf of its members who are homeowners in Tanglewood subdivision Section 11. Shortly before the motion for summary judgment was heard, the six individual plaintiffs were added as parties. They are all owners of lots adjacent to or near appellant's lot. When the association filed suit, it tolled the statute as it applied to its member homeowners who were essentially the real parties in interest. *Vaughn Building Corp. v. Austin Co.*, 620 S.W.2d 678 (Tex. Civ.App.—Dallas 1981), *aff'd on other grounds*, 643 S.W.2d 113 (1982); *American Indemnity Co. v. Hidalgo County*, 146 S.W.2d 1076 (Tex.Civ.App.—San Antonio 1941, writ ref'd n.r.e.). The second point of error is overruled.

In points of error 3(A) and 6 appellant contends that summary judgment was improper because he raised affirmative defenses that involved contested issues of fact. We agree.

■ Appellees' suit called for an injunction ordering appellant to remove a metal carport or shed built approximately two feet from his west property line when the applicable deed restrictions require that outbuildings be set back at least five feet and residences set back ten feet. The petition also alleges that appellant failed to get approval for construction of the structure as required in other restrictions.

Appellant's amended answer to the suit and his response to the motion for summary judgment both assert that there have been so many violations of the set-back restrictions in Section 11 that the restrictions have failed and are not enforceable by appellees. In other words, the association has waived its right to enforce the set-back restrictions in Section 11 because it has acquiesced in so many prior violations. To support his response, appellant provided his own affidavit in which he specified twelve structures in Section 11 that were built within a few feet of the property lines of each lot. Although the affidavit could have been more precise in its descriptions of the structures and could have provided lot and block numbers rather than street addresses, we hold that the affidavit was sufficient to raise an issue of fact as to the waiver defense.

■ To establish the affirmative defense of waiver in a deed restriction case, the non-conforming user must prove that the violations then existing reasonably lead to the conclusion that the restriction in question has been abandoned and its enforcement waived. *New Jerusalem Baptist Church, Inc. v. City of Houston*, 598 S.W.2d 666 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Failure by a party attempting enforcement to object to previous violations will not prevent him from obtaining an injunction when the violations were unsubstantial or did not immediately affect the enjoyment of his own premises. *Stephenson v. Perlitz*, 537 S.W.2d 287 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.), and cases cited therein.

Whether the existing violations are substantial compared to Seureau's, and whether the violations would reasonably lead to the conclusion that the restrictions had

**122**

been abandoned, are contested fact issues that should be resolved in a full trial on the merits.

Another court of appeals recently affirmed summary judgment in a deed restriction case where the affirmative defense of waiver was alleged. *Finkelstein v. Southhampton Civic Club*, 675 S.W.2d 271 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). In that case the defendant's affidavit listed only two violations similar to the action sought to be enjoined. The court held that the proof at best reflected isolated instances of breach of the restriction and was insufficient as a matter of law in number, nature or severity to constitute waiver. 675 S.W.2d at 278. *Finkelstein* can be distinguished. Appellant presented the court with twelve instances of other set-back violations compared with only two in *Finkelstein*. Appellee admitted that four of the allegations were correct. Points of error 3(A) and 6 are sustained.

In point of error five appellant contends that the trial court erred in granting summary judgment because Mrs. Seureau was an indispensable party because she held a community property interest in the property. Given the disposition of this case on other points of error, we are not required to pass on this issue. However, we do note that should Mrs. Seureau continue to be left out of the suit there is a serious question as to whether an injunction against Mr. Seureau alone could be enforced against Mrs. Seureau. The other points of error need not be discussed.

The judgment is reversed and the cause remanded.

### ON REHEARING

In their motion for rehearing appellees alerted this court to a factual error in its opinion. Appellees admitted that three (not four) of the set-back violations alleged in Seureau's affidavit had occurred. We now correct our opinion to that extent.

Appellant's and appellees' motions for rehearing are denied.