Opinion issued
December 23, 2010

 

 

 

 



 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00115-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DONALD WILLY, INDEPENDENT EXECUTOR OF THE
ESTATE OF JOAN SUSAN WILLY, DECEASED, Appellant

 

V.

 

ROSETTA LEE WINKLER AND STANLEY WINKLER, Appellees

 

 



On Appeal from the County Court No. 3

Fort Bend County, Texas

Trial Court Cause No. 08-CPR-020890A

 

 



MEMORANDUM
OPINION

Appellant, Donald J. Willy,
Independent Executor of the Estate of Joan Susan Willy, deceased, challenges
the trial court’s rendition of summary judgment in favor of appellees, Rosetta
Lee Winkler and Stanley Winkler, in Willy’s declaratory judgment action against
the Winklers.  In three issues, Donald
contends that the trial court erred in declaring that his deceased wife, Joan,
held accounts with her mother, Rosetta, “in joint tenancy with rights of
survivorship,” in granting summary judgment in favor of the Winklers when the
Winklers did not file a summary judgment motion, and in granting summary
judgment on grounds that were not asserted in any summary judgment motion.   

We reverse and remand.

Background

          In
his original petition, Donald alleged that in 1989, Joan and Rosetta created a joint
account with AG Edwards, the account earned interest and “became community
property under Texas law,” the Willys paid all taxes on the account, Joan died
in November 2007 with a will, the account became “property of the estate” under
that will, and Donald was appointed independent executor of Joan’s estate.  Donald further alleged that after Joan’s
death, unbeknownst to him and pursuant to the Winklers’ instructions, AG
Edwards transferred the account to “the beneficial ownership of Rosetta.”  When Donald learned of this transfer, he
notified AG Edwards of the dispute, and AG Edwards reversed the transfer.  

Donald sought a declaration that the
account was held in “joint tenancy,” the Winklers had no legal interest in the
account, and the account belonged to Joan’s estate and passed pursuant to
Joan’s will.  He requested an injunction
prohibiting the Winklers from receiving any asset subject to the lawsuit as
well as damages for the “lost value” of the securities contained in the account.   The Winklers
filed a special appearance and answer, generally denying Donald’s
allegations.  

Donald subsequently filed a motion
for partial summary judgment, seeking a declaration that Joan’s estate owned
the accounts and that the accounts were not held in “joint tenancy with a right
of survivorship.”  He attached to his motion
the governing AG Edwards account documents, which he asserted did not include language
required by the Probate Code[1] to
create a “right of survivorship in joint accounts.” Donald asserted that he had
not signed any agreement consenting to Joan’s maintenance of a joint account
with rights of survivorship with Rosetta and, under Texas law, the establishment
of a “joint account by a parent with a child” evidenced Rosetta’s intent to make
a gift of the account to Joan.  Donald
argued that this “presumption” was confirmed by his affidavit testimony that
Joan’s social security number appeared on the account, the account income and
transactions were reported to the IRS only under Joan’s social security and tax
identification numbers, the Willys paid all taxes on the account in their joint
tax return, and Joan managed the account, withdrew sums, and acted as the
account’s owner.

In their response to Donald’s summary
judgment motion, the Winklers asserted that the account agreement established a
right of survivorship and Donald failed to present summary judgment evidence
establishing a community interest in the account.  They argued that if the account was a gift,
then the account constituted Joan’s separate property and Donald’s consent was
not necessary for Joan to maintain an account with her mother with a right of
survivorship.  In the final paragraph of
their response, the Winklers asserted that “summary judgment [was]
inappropriate” and “unresolved fact issues preclude[d]” the granting of summary
judgment in Donald’s favor.  Significantly,
they did not separately seek summary judgment, nor did they separately request
that the trial court enter, as a matter of law, a declaration in their favor.

Nevertheless, the trial court, after considering
Donald’s summary judgment motion and the Winklers’ response, entered a judgment
declaring that the AG Edwards account and the American Funds account[2]
were held by Joan and Rosetta “in joint tenancy with rights of survivorship.”  The trial court also declared that, upon
Joan’s death, the accounts became Rosetta’s exclusive property, and it denied
Donald’s request for injunctive relief and claim for damages for lost value.

Standard of Review

To prevail on a summary judgment
motion, a movant has the burden of proving that it is entitled to judgment as a
matter of law and there is no genuine issue of material fact. Tex.R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995).  When deciding whether there
is a disputed, material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable
inference must be indulged in favor of the non-movant and any doubts must be
resolved in her favor.  Id. at 549.  We review declaratory judgments under the
same standards as other judgments and decrees. See Tex. Civ. Prac. &
Rem. Code Ann. § 37.010 (Vernon 2008); Lidawi v. Progressive County Mut. Ins. Co., 112 S.W.3d 725, 730
(Tex. App.—Houston [14th Dist.] 2003, no pet.).

Summary Judgment

In his second and third issues, Donald
argues that the trial court erred in granting summary judgment in favor of the
Winklers because they did not move for summary judgment and the trial court’s
summary judgment was based on grounds that were not asserted in any summary
judgment motion.  

A trial court may not grant summary
judgment in favor of a party that does not properly move for it by motion.  See Teer
v. Duddlesten, 664 S.W.2d 702, 703 (Tex. 1984); Sw. Invs. Diversified, Inc. v. Estate of Mieszkuc, 171 S.W.3d 461,
468 n.15 (Tex. App.—Houston [14th Dist.] July 26, 2005, no pet.); see also Young v. Hodde, 682 S.W.2d 236,
237 (Tex. 1984) (per curiam) (agreeing with court of appeals that “trial court
erred in rendering the take-nothing judgment against” defendant’s counterclaim “in
the absence of a motion for summary judgment by [the plaintiff] seeking that
relief”); Hodde v. Young, 672 S.W.2d
45, 47 (Tex. App.—Houston [14th Dist.] 1984, writ ref’d n.r.e.) (stating that “summary
judgment may be granted only in favor of a party who has moved for summary
judgment and whose evidence offered in support of the motion establishes the
movant’s right to judgment as a matter of law”). Moreover, it is well settled
that a trial court cannot grant a summary-judgment motion on grounds not
presented in a motion.  See Timpte Indus., Inc. v. Gish, 286
S.W.3d 306, 310 (Tex. 2009).  

Here, Donald was the only movant for
summary judgment below, and he sought only a partial summary judgment in regard
to his declaratory judgment action.  Donald’s
only summary judgment evidence pertained to an AG Edwards account.  Although there are pleadings related to an
American Funds account and the trial court’s judgment provides a declaration
related to an American Funds account, there is no summary judgment evidence
related to any American Funds account.  Moreover,
Donald did not seek summary judgment on his other claims, including his claim
for damages for the alleged lost value of securities in the account or accounts.  

Most significantly, the Winklers did
not move for summary judgment, and they did not request in a summary judgment
motion that the trial court make the declarations that it ultimately made in
its final judgment.  In fact, in their
summary judgment response, the Winklers argued that summary judgment was not
appropriate because there were fact issues that could not be properly resolved
by summary judgment.  The Winklers also
did not seek summary judgment on Donald’s claims for injunctive relief or
damages resulting from the alleged loss of value in securities.  Yet, the trial court entered summary judgment
in the Winkler’s favor, declaring that both accounts were subject to Rosetta’s exclusive
control and denying Donald’s other claims for relief.  Accordingly, we hold that the trial court
erred in granting summary judgment in favor of the Winklers, who never moved
for the judgment entered by the trial court.  See Teer,
664 S.W.2d at 703.

We sustain Donald’s second and third
issues.[3]   


Conclusion

          We
reverse the judgment of the trial court and remand for further proceedings consistent
with this opinion.[4]

 

 

Terry Jennings

Justice

 

Panel consists of Justices Jennings,
Alcala, and Sharp.

 











[1]           See
Tex. Prob. Code Ann. § 439
(Vernon 2003).





[2]           In the factual background of his
petition, Donald interchangeably referred to a single “account” and multiple
“accounts,” but only set forth facts related to an AG Edwards account.  However, in both the opening paragraph and
the prayer of his petition, Donald referred to, in addition to an “AG Edwards”
account, an “American Funds” account.  In
his summary judgment motion and affidavit, Donald referred only to a single AG
Edwards account.  He did not refer to an
American Funds account, and the only account agreement attached to his summary
judgment motion concerned an AG Edwards account.  In their summary judgment response, the
Winklers referred only to a single AG Edwards account.  In its judgment, the trial court made its
declarations in favor of the Winklers regarding both an AG Edwards account and
an American Funds account.  In sum, the
record before us does not establish on what basis the trial court made the declarations
concerning an American Funds account. 
Because the summary judgment evidence related solely to an AG Edwards
account, we generally refer to this account in this opinion, but we note, where
appropriate, the inconsistencies between the judgment and the record.  





[3]           Having sustained Donald’s second and
third issues, we do not reach the parties’ primary dispute on appeal, which
concerns whether the account agreement was sufficient to confer a right of
survivorship under section 439(a) of the Texas Probate Code, which provides, in
part,

 

Sums remaining on
deposit at the death of a party to a joint account belong to the surviving
party or parties against the estate of the decedent if, by a written agreement
signed by the party who dies, the interest of such deceased party is made to
survive to the surviving party or parties. Notwithstanding any other law, an
agreement is sufficient to confer an absolute right of survivorship on parties
to a joint account under this subsection if the agreement states in
substantially the following form: “On the death of one party to a joint
account, all sums in the account on the date of the death vest in and belong to
the surviving party as his or her separate property and estate.” A survivorship
agreement will not be inferred from the mere fact that the account is a joint
account . . . . 

 

Tex. Prob. Code Ann. § 439(a); see also Holmes v. Beatty, 290 S.W.3d 852, 858 (Tex. 2009)
(distinguishing between statutory requirements for survivorship agreement
between non-spouses under section 439 of Probate Code and statutory
requirements for survivorship agreement between spouses under section 452 of
Probate Code; describing the statutory requirements for spouse agreements as
being “less restrictive” than statutory requirements for non-spouse
agreements); Stauffer v. Henderson,
801 S.W.2d 858, 863–65 (Tex. 1990) (holding that non-spouses could only
establish survivorship rights using section 439(a)’s language or language
substantially similar to it and that court could not consider extrinsic evidence
to ascertain parties’ intent). 

 





[4]           We recognize that, although the denial
of summary judgment is ordinarily not appealable, a court may review such a
denial when both parties moved for summary judgment and the trial court granted
one and denied the other.  See Tex.
Mun. Power Agency v. Pub. Util. Comm’n of Tex., 253 S.W.3d 184, 192 (Tex.
2007).  When a court of appeals reviews
competing motions for summary judgment, the court must review the summary
judgment evidence presented by each party, determine all questions presented,
and render the judgment that the trial court should have rendered.  Id.  Here, however, because the parties did not
file competing summary judgment motions, we do not consider the trial court’s
ruling, which constituted an effective denial of Donald’s summary judgment motion.  Rather than file a competing summary judgment
motion, the Winklers contended that summary judgment was not appropriate.